## No. 4897.

### Mrs. A. E. Deblanc *v.* F. Levasseur et al.

Judgment having been rendered against both defendants in this suit by an heir against her tutor, who was also administrator, and his surety on the two bonds, the surety alone appealed. The tutor and administrator being an appellee, the prayer of the plaintiff, the other appellee, to amend the judgment against him, can not be entertained.

The question, raised on the merits, that the plaintiff, being a married woman, was not authorized by her husband to bring this suit, must be considered as settled between the parties by the decision on the motion to dismiss the appeal, which was made on the ground of want of proper parties—the husband not having been joined in the petition of appeal. The suit having been commenced by the wife, assisted by her husband, citation of appeal to her was sufficient.

The judgment referred to as an estoppel against plaintiff's action, did not impose upon her the condition to claim certain pieces of property in kind, to which she might be entitled, but reserved her right to the proceeds in case she failed to recover said property. She has alleged and shown that the title of the purchasers was maintained in several suits she instituted. She therefore can exercise her second right.

The objection that the security can not be sued for the proceeds, no step having been previously taken to fix the liability of the principal, is not well founded.

This objection was not made in the lower court, but the surety adopted and joined in the defense made by the principal, and, on trial, the plaintiff showed by the returns of *nulla bona* on one or two *fieri facias* for small sums, that further process against the principal would be unavailing.

The tutor states that he obtained the individual consent of persons who had composed a family meeting on a previous occasion, to make use of the capital of the minor's estate as he did. This is not justifiable, and, according to our law and jurisprudence, can not be allowed in favor of a tutor and surety.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J. *Charles Louque, M. E. Livaudais,* for plaintiff and appellee. *E. Cambray, Alphonse Canonge,* for defendant and appellant.

### On Motion to Dismiss.

Morgan, J. This action was instituted by a married woman, assisted

and authorized by her husband. From the judgment rendered against them, the defendants appealed by petition. Mrs. Deblanc alone is cited.

The motion is now made to dismiss the appeal on the ground of want of proper parties—the husband not having been joined in the petition of appeal. The suit having been commenced by the wife, assisted by her husband, citation of appeal to her was sufficient.

The motion to dismiss is therefore denied.

### ON THE MERITS.

HOWELL, J. This is a suit by an heir against her tutor, who was also administrator, and his surety on the two bonds.

On an opposition to an account in the lower court, the plaintiff obtained a judgment against the administrator for $462 22 and interest, with a reservation of her right to claim from him the proceeds of certain properties sold by him, in case she failed to recover the said properties in kind from the several purchasers. She instituted suits against those parties, and the title of one of them having been maintained, she abandoned those actions and instituted this for the proceeds. Judgment having been rendered against both defendants, the surety, Levasseur, alone appealed. The tutor and administrator being an appellee, the prayer of the plaintiff, the other appellee, to amend the judgment as to him, can not be entertained.

*First*—The first point made by the appellant, the surety, is that the plaintiff, a married woman, was not authorized by her husband to bring this suit.

This question we must consider as settled between these parties by the motion to dismiss his appeal, which was decided in his favor.

*Second*—The plaintiff is estopped from prosecuting this suit against P. O. Peyroux, the tutor and administrator not having yet fulfilled the conditions imposed upon her by a former judgment to claim in kind the properties.

The judgment referred to did not impose on her the condition to claim the properties, but reserved her right to the proceeds in case she failed to recover the property. She alleged and has shown that the title of the purchasers was maintained. She therefore can exercise her reserved right.

*Third*—The security can not yet be sued for the proceeds of the sales, no step having been previously taken to fix the liability of the principal.

This objection was not made in the lower court, but the surety adopted and joined in the defense made by the principal, and on the trial the plaintiff showed by the returns of *nulla bona* on one or two

Mrs. A. E. Deblanc v. Levasseur et al.

*fieri facias* for small sums that further process against the principal will be unavailing.

*Fourth*—Further credits should be allowed the surety.

The judge *a quo* allowed credits for the proceeds of a certain property relinquished by the plaintiff, and of two pieces for which she compromised with the respective purchasers, taking from each a specific sum. In this there was no error. He also allowed the appellant a deduction of $833 13, being the plaintiff's proportion of a sum expended by the tutor for the minors under his charge. Of this she complained, and says that if he made such expenditure it was taken from the capital, and was not authorized. In this she is correct.

The tutor states that he obtained the individual consent of persons, who had composed a family meeting on a previous occasion, to make use of the capital of the minors' estate as he did. This is not justifiable, and, according to our law and jurisprudence, can not be allowed in favor of a tutor and surety. This item of $833 13 was improperly allowed.

The judge seems to have overlooked a credit for $21 10 given by plaintiff in her petition.

The amount for which the surety is shown to be liable is made up as follows:

| | | |
|---|---|---|
| Amount of judgment on opposition | | $462 22 |
| One-seventh of proceeds of sale, $13,685 41 | | 1,955 06 |
| | CREDIT. | $2,417 28 |
| Amount admitted in petition | $21 10 | |
| One-seventh of proceeds of property as compromised by plaintiff, $4880 02 | 697 14— | $718 24 |
| | | $1,699 04 |

It is therefore ordered that the judgment appealed from be amended by increasing the amount thereof, as to defendant F. Lavasseur, from $1371 91 to $1699 04 against said Levasseur, as thus amended it be affirmed with costs.

Rehearing refused.