SOMMERVILLE, J.
Mrs. Adele B. Shield, joined, aided, authorized, and assisted by her husband, Henry Shield, sues defendants in the sum of $12,934 for personal injuries suffered by her through the alleged concurring fault and negligence of defendants.
There was a verdict in favor of the plaintiff Mrs. Shield, and against F. Johnson & Son Company, Limited, in the sum of $6,000; and her claim against the New Orleans Railway & Light Company was rejected.
Mrs. Shield appeals from the judgment in favor of the New Orleans Railway & Light Company; and E. Johnson & Son Company, Limited, appeals from the judgment against it.
The verdict rendered in the case reads as follows:
“New Orleans, December 7th, 1911. We the jury find a verdict for the plaintiff in the sum of $6,000 against the defendants, A. J. Stallings and Bernard MeCloskey, liquidators of E. Johnson & Son Co., Limited, and reject the demand against defendant New Orleans Railway & Light Company.”
But the judgment rendered in the cause does not follow the verdict of the jury. It is in favor of Henry Shield, the husband, as well as Mrs. Shield, when he was before the court claiming only incidental damages, and the verdict of the jury did not undertake to find in his favor. The judgment is as follows:
“It is ordered, adjudged, -and decreed that there be judgment in favor of plaintiff, Adele Boyd Shield, and Henry Shield, and against the defendants A. J. Stallings and Bernard Mc-Closkey, liquidators of E. Johnson & Son Co., Limited, in the full sum of $6,000, with • legal interest thereon from date of judgment until paid, and all costs.”
And there was further judgment in favor of the New Orleans Railway & Light Company.
As the judgment did not follow the verdict of the jury, it will be annulled and set aside; and a proper judgment will be entered in the cause.
[3, 4] The defendant E. Johnson & Son Company, Limited, excepted to the petition of plaintiff on the ground that she had not been authorized by her husband as required by law to institute and prosecute the suit. But the law is that damages resulting from personal injuries to the wife.shall not form part of the community, but shall always he and remain the separate property of the wife, and recoverable by herself alone. Act 68 of 1902, p. 95. The term employed by the lawmakers is “recoverable,” the plain, ordinary, and natural meaning of which is that which is able to be recovered; “obtainable from a debtor or possessor, as by legal process.” It means that which can be recovered as a matter of legal right. And the wife “by herself alone” may recover the damages resulting from personal injuries to her. She does not need the authorization of her husband to recover damages for personal injuries in the courts of the state. Schoppel v. Daly, 112 La. 201, 208, 36 South. 322; In re Oliver (D. C.) 109 Fed. 784, 788.
Defendant, the Johnson Company, also excepted to the petition on the ground of, vagueness.. This exception was properly overruled.
Both defendants excepted, on the ground of no cause of action. This exception is aimed, in part, at those items of damages set forth in the petition for doctor bills, nurse hills, drug bills, clothing, and hospital ambulance service connected with the injury alleged by plaintiff.
These are expenses of the community for which the husband is responsible; and he alone can recover therefor. As the case is *778 to be remanded, it is unnecessary to now dispose of this point, beyond sustaining tbe exception as to these items in the wife’s original petition.
The exception of no cause of action was based, further, upon those allegations in the petition which allege concurring fault and negligence on the part of both defendants; the latter arguing that the allegation as to the fault of one defendant as set forth in the petition destroyed the effect of the allegation as to the fault of the other defendant.
Plaintiff alleges that she was a passenger in a taxicab belonging to the defendant F. Johnson & Son Company, Limited, when it collided with a street car belonging to the New Orleans Railway & Light Company, and that she was injured in said collision in the manner set forth in detail in her petition. With reference to the fault of the Johnson Company she alleges:
“That said chauffeur in charge of the taxicab occupied by petitioner, Adele Boyd Shield, notwithstanding he saw or could have seen that said ear was approaching, negligently and unskillfully attempted to cross the track in front of the car when he should' have stopped. In all of which he failed and was negligent. If he saw the car, he did not stop and wait until it passed, as he should have done. If he did not see the car coming, then it was negligence in not keeping proper watch and lookout, and looking for it as he approached Derbigny street or some street near there, for he did not stop, but drove across Canal street in front of the approaching electric car which struck the taxicab in which your petitioner, Adele B. Shield, was seated”
• — and then proceeding to give a description of the injury suffered by her.
“It was at fault in running said Canal Belt car at a high rate of speed beyond that allowed by city ordinances; by running a car not equipped with the proper apparatus for quick stopping, and said company was likewise negligent in not keeping a proper lookout. That if the motorneer, agent, and vice principal of the New Orleans Railway & Light Company had been propelling his car at a safe rate of speed, and keeping a proper lookout, he would have seen the said taxicab turn to start across the track, and could have stopped his car before striking said taxicab, but this he carelessly and negligently failed to do.”
[1] The petition clearly sets forth the causes which resulted in the personal injuries alleged to have been sustained by plaintiff. Here the causes of the alleged injuries are charged to have been joint; separate and independent acts or negligence of both defendants are alleged to have produced directly the injury of which plaintiff complains, and, under such circumstances, each is responsible for the entire result, even though acts or neglect of one of them alone might not have caused the accident. 38 Cyc. 458, 483, 488; 29 Cyc. 498.
If, on the trial of the case, plaintiff were to prove that both defendants were jointly concerned in the negligence which caused the. injury to her, they would be held liable therefor; under such circumstances, her suit presents a cause of action as to both of them. She may eventually recover from one or both. 29 Cyc. 487.
Defendant, the Johnson Company, argues further in support of its exception of no cause of action that the doctrine of “the last clear chance” should be applied; and petitioner be held to the last allegation in her petition to the effect “that if the motorneer, agent, and vice principal of the New Orleans Railway & Light Company had been propelling his car at a safe rate of speed, and keeping a proper lookout, he would have seen the taxicab turn to start across tbe track and could have stopped his car before striking the said taxicab, but this he carelessly and negligently failed to do,” and that said allegation relieves the Johnson Company from responsibility for its alleged fault and negligence.
[2] The doctrine of “the last clear- chance” cannot be invoked by joint tort-feasors against one another. It has been applied only in those cases where the injured party has been negligent in exposing himself to peril;. *780 and Where such negligence on his part will not be regarded as the proximate cause of the injury if the wrongdoer either became aware of the peril in time to avoid the collision that caused the injury, or might have become aware of it had he exercised reasonable care to ascertain whether a peril which was to be anticipated did in fact exist. 38 Cyc. 456. But the rule has no application even between the injured party and the wrongdoer when the latter contributes to it; there, negligence is concurrent at the very time that the accident occurs. The question is one for the jury as to whether, notwithstanding negligence on the part of the person injured in getting into a position of peril, defendant’s servants could have avoided the injury with the exercise of reasonable care and diligence, and hence whether or not they were negligent in this respect. 29 Cyc. 530; 36 Cyc. 1631.
The exception was properly overruled.
We are cited to the decision in Perez v. Railroad Co. and McMahon & Son, 47 La. Ann. 1391, 17 South. 869, where we maintain an exception of no cause of action filed by the Railroad Company on the ground that “plaintiff’s petition alleges that the immediate cause of the accident was the carelessness or negligence of the driver of the tallyho on which the deceased was riding,” and holding that it was “quite impossible for it [the Railroad Company] to have been in fault, or guilty of negligence, if, as plaintiff alleges, the driver of the tallyho attempted to put his conveyance across the railroad track when one of the company’s trains was approaching, ‘when by reason of the approach of the said train such attempt was dangerous, and that through the gross carelessness and recklessness of the driver said wagonette was struck,’ and young Perez instantly killed.” The doctrine of the last clear chance was not discussed in that opinion, and it had no place there.
In the present case plaintiff distinctly alleges that the immediate and proximate cause of the accident to her was due to the concurring carelessness or negligence of the two defendants. And upon such allegations one or both of them may be held responsible in damages for the injury suffered by her.