DOICHINOFF, ADMR., RESPONDENT, *v.* CHICAGO, M. & ST. P. RY. CO. ET AL., APPELLANTS.

(No. 3,585.)

(Submitted January 7, 1916.    Decided January 21, 1916.)

[154 Pac. 924.]

*Master and Servant — Railroads — Negligence — Federal Employers' Liability Act—Last Clear Chance Doctrine—New Matter — Reply — Contributory Negligence—Witnesses—Impeachment — Verdict — Informality — Waiver — Complaint —Amendment.*

Pleading and Practice—Complaint—Amendment During Trial.
 1.    Where an amendment to the complaint permitted to be made during trial did not change the pleading in any essential particular, appellant could not have been prejudiced by the court's action, and hence was not in position to complain.

Railroads—Negligence—Last Clear Chance—Complaint—Sufficiency.
 2.    While the complaint in an action against a railway company to recover damages for negligently running over one of its employees,

based upon the theory of the last clear chance doctrine, was indefinite, in that it charged discovery of the peril of deceased or the duty to discover it in the alternative, it was sufficient, in the absence of a special demurrer, to state a cause of action.

Same—Pleading and Practice—Reply—New Matter.
3.  Failure of plaintiff to reply to an averment in defendant's answer to the effect that decedent stepped upon the track immediately in front of the locomotive where his presence could not be discovered in time to avoid striking him, *held* not to have amounted to an admission that his death was the result of his own negligence or of an unavoidable accident, since such allegation did not constitute new matter which required a reply.

Same—Last Clear Chance Doctrine—Contributory Negligence.
4.  Where an action is tried on the last clear chance theory, contributory negligence on the part of the injured person was conceded, and offered instructions on the subject were properly refused.

Same—Witnesses—Impeachment—Prerequisites.
5.  Before a witness can be impeached by showing that at other times he made statements inconsistent with his testimony, such statements must, under section 8025, Revised Codes, be related to him, with the circumstances of time, place and persons present.

Same—Last Clear Chance Doctrine—Contributory Negligence—Evidence.
6.  Inasmuch as contributory negligence of decedent was not an issue in an action based upon the last clear chance doctrine, evidence that he had been warned in ample time to avoid injury was immaterial.

[As to concurrent negligence of plaintiff as defeating recovery under last clear chance doctrine, see note in Ann. Cas. 1912B, 888.]

Same—Federal Employers' Liability Act—Verdict—Informality—Waiver.
7.  Informality of the verdict in an action brought under the Federal Employers' Liability Act, in failing to apportion the amount awarded between the surviving widow and child of the decedent, cannot be raised for the first time on appeal; by not objecting to instructions advising the jury that a verdict in favor of plaintiff administrator should be expressed in a lump sum, the defect was waived.

Same—Discovery of Decedent's Peril—Circumstantial Evidence.
8.  That decedent was actually discovered by defendant's employee in charge of the locomotive which ran over and killed decedent in time to avoid the accident, could properly be established by circumstantial evidence.

*Appeal from District Court, Meagher County; John A. Matthews, Judge.*

ACTION by Jordan Doichinoff, as administrator of the estate of Chris Koleff, deceased, against the Chicago, Milwaukee & St. Paul Railway Company and one of its locomotive engineers. Judgment for plaintiff. Defendants appeal from the judgment and an order denying them a new trial. Affirmed.

*Messrs. Shelton & Furman, Mr. A. J. Verheyen* and *Mr. L. D. Glenn,* for Appellants, submitted a brief; *Mr. Fred. J. Furman* argued the cause orally.

*Mr. E. K. Cheadle* and *Mr. B. K. Wheeler,* for Respondent, submitted a brief, and argued the cause orally.

An employee working in and about the yards or upon the tracks has a right to rely to some extent upon the persons in charge of moving trains to give the proper signals and to take proper precautions to prevent accidents. (*Neary* v. *Northern Pacific R. Co.,* 37 Mont. 461, 19 L. R. A. (n. s.) 446, 97 Pac. 944.)    All that is required of such an employee is that he use ordinary care for his own safety, and this the plaintiff decedent is presumed to have done.    The true rule we believe to be, that where a person, as here, is engaged in and about a railroad yard and his duties are such as to require him to be upon the railroad tracks, he has a right to assume that ordinary care will be observed to warn him of approaching danger, and he is only required to exercise such care and vigilance in discovering the peril and avoiding injury as is consistent with the performance of the work in which he is engaged.    (*Smith* v. *Southern Pac. Co.,* 58 Or. 22, Ann. Cas. 1913A, 434, 113 Pac. 41; *Betchman* v. *Seaboard Air Line,* 75 S. C. 68, 55 S. E. 140; *Nelling* v. *Chicago, St. P. & K. C. R. Co.,* 98 Iowa, 554, 63 N. W. 568, 67 N. W. 404; *Doyle* v. *Southern Pac.,* 56 Or. 495, 108 Pac. 201; *Palmer* v. *Poreland R. L. Co.,* 56 Or. 262, 108 Pac. 211; *St. Louis, I. M. & S. R. Co.* v. *Jackson,* 78 Ark. 100, 8 Ann. Cas. 328, 6 L. R. A. (n. s.) 646, 93 S. E. 746; *Comstock* v. *Union Pac. Ry. Co.,* 56 Kan. 228, 42 Pac. 724; *Missouri Pac. Ry. Co.* v. *Bentley,* 78 Kan. 221, 93 Pac. 150; *Dowell* v. *C. R. I. & P. Ry. Co.,* 83 Kan. 562, 112 Pac. 136; 5 Thompson on Negligence, sec. 5524.)    In the recent case of *Masterson* v. *Southern R. Co.* (Ind.), 82 N. E. 1022, the appellate court of Indiana said that the look and listen rule is not applicable, in its strictness, to an employee in the discharge of his duty. (See, also, *Pittsburgh, C. C. & St. L. Ry. Co.* v. *Martin,* 157 Ind. 216, 61 N. E. 229; *Pittsburgh, C. C. & St. L.*

*Ry. Co.* v. *Lightheiser,* 163 Ind. 247, 71 N. E. 218, 660; *Baltimore etc. Ry. Co.* v. *Peterson,* 156 Ind. 364, 59 N. E. 1044; *Chicago & E. I. Ry. Co.* v. *Stephenson,* 33 Ind. App. 95, 69 N. E. 270.) In the case of *Roll* v. *Northern Cent. Ry. Co.,* 15 Hun (N. Y.), 496, the court held it proper to refuse a charge that the same degree of care is required from an employee engaged in his duty upon the track as from a person crossing the track. (*Freeman* v. *Illinois Cent. R. R. Co.,* 107 Tenn. 340, 64 S. W. 1.)

MR. JUSTICE HOLLOWAY delivered the opinon of the court.

Chris Koleff, an employee of the Chicago, Milwaukee & St. Paul Railway Company, was run over and killed by a locomotive in the service of the railway company and operated by Leo Middleton, one of its engineers. This action by the administrator is prosecuted under the Federal Employers' Liability Act of April 22, 1908 (35 Stats. at Large, 65), to recover damages for the use and benefit of the surviving widow and minor child.

The complaint proceeds upon the theory of the last clear chance doctrine. The charging part is as follows: "That they [the defendants] then, after seeing that the said Chris Koleff was in a place of danger, and that he was not aware of his danger, negligently and carelessly failed to stop said engine, *and said defendants* negligently failed to sufficiently warn the said Chris Koleff of the approach of said engine, and negligently and carelessly permitted and allowed the said engine to coast along noiselessly and to strike the said Chris Koleff, inflicting upon him grievous bodily injury from which he died within a short time thereafter."

The joint answer of the defendants denies any negligence, and in what is denominated "A Special and Affirmative Answer and Defense," alleges that on February 17, 1913, "Chris Koleff, now deceased, stepped upon the track of the defendant corporation, immediately in front of the locomotive operated by the said Leo Middleton; * * * that his presence upon the track * * * was not discovered or known by the defendants, or

either of them, and could not have been discovered by the exercise of reasonable or any other degree of care; * * * that, as a result of his careless, reckless and negligent conduct, the said Chris Koleff, now deceased, came to his death; and not otherwise."

The reply denies all the material allegations of the answer except that Koleff stepped upon the track immediately in front of the locomotive, *etc.* From a judgment in favor of plaintiff and from an order denying a new trial, the defendants appealed.

1. Upon the trial the court permitted plaintiff to amend the complaint by interlining the words "and said defendants" in [1] the charging part of the complaint quoted above. The amendment did not change the pleading in any essential particular. Evidence admissible after the amendment was allowed would have been admissible without the amendment. It accomplished no purpose and its allowance could not have prejudiced the defendants.

2. To state a cause of action within the doctrine of the last [2] clear chance, it is necessary to disclose in the complaint: "(1) The exposed condition brought about by the negligence of plaintiff or the person injured; (2) the actual discovery by the defendant of the perilous situation of the person or property, in time to avert injury; and (3) the failure of defendant thereafter to use ordinary care to avert the injury." (*Dahmer* v. *Northern Pac. Ry. Co.*, 48 Mont. 156, 136 Pac. 1059, 142 Pac. 209.) Preceding that portion of the complaint quoted above, discovery of Koleff's peril or the duty to discover it is charged in the alternative, and in this respect the pleading is indefinite; but in the absence of a seasonable attack by motion or special demurrer particularly pointing out the defect, we think the allegations, taken as a whole, sufficient to state a cause of action and apprise the defendants of plaintiff's theory of his case. (*Gauss* v. *Trump*, 48 Mont. 92, 135 Pac. 910.)

3. It is urged that by failing to reply to the so-called affirmative allegations of the answer quoted above, plaintiff admits [3] that Koleff stepped upon the track immediately in front

of Middleton's locomotive where his presence could not be discovered in time to avoid striking him, and that this is equivalent to a concession that Koleff's death was the result of his own negligence or of an unavoidable accident. Section 6560, Revised Codes, provides for a reply whenever "the answer contains a counterclaim or any new matter." It is very clear that the allegations of this answer do not fall within the definition of a counterclaim found in section 6541, and neither do the facts stated constitute new matter within the contemplation of section 6560 above, because they could have been proved under the general denial of negligence. Indeed, the allegation that Koleff stepped upon the track immediately in front of the locomotive where his presence could not be discovered in time to avoid injuring him, is but a denial in affirmative form or an argumentative denial of the allegation in the complaint that Koleff's presence on the track was discovered by the defendants and that it was through the negligence of the defendants that the accident occurred. (*Cuerth* v. *Arbogast,* 48 Mont. 209, 136 Pac. 383; *National Wall Paper Co.* v. *McPherson,* 19 Mont. 355, 48 Pac. 550.) In *Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189, we considered this question of pleading at length, and determined that "if the facts stated in the answer could have been proved under a denial of the allegations in the complaint, they do not constitute new matter within the meaning of the Practice Act, and the failure to reply does not amount to an admission of the truth of the matters stated."

4. Defendants' offered instructions B and C might have been [4] pertinent upon the issue of Koleff's contributory negligence; but in this instance there was no such issue. Plaintiff's last clear chance theory has its origin in the concession that Koleff was guilty of negligence in the first instance. (*Dahmer* v. *Northern Pac. Ry. Co.,* above.)

5. The proper foundation was not laid for the attempted im- [5] peachment of the witness Nadello. Section 8025, Revised Codes, requires that the statement claimed to be inconsistent with the witness' testimony, must be related to him with the cir-

cumstances of time, place and persons present, and he must be asked whether he made such statement, and be given an opportunity to explain if he did so. Much of this record is all but unintelligible. Several foreigners testified through an interpreter, and instead of counsel directing their questions to the witnesses, to be translated and repeated by the interpreter, they directed them to the interpreter. For instance, while the witness Nadello was on the stand, counsel for plaintiff in cross-examination directed to the interpreter the following: "Ask him if he did not tell you that Mr. Shong wanted to give him $100." But for its objectionable form, the question would be proper as one intended to elicit substantive testimony from the witness, but altogether insufficient as a basis for impeachment, as it omits the elements of time, place and persons present. (*In re Williams' Estate,* 50 Mont. 142, 145 Pac. 957; *Tague* v. *John Caplice Co.,* 28 Mont. 51, 72 Pac. 297.) However, the objection made to the impeaching testimony does not raise the question of the sufficiency of the foundation. When the witness Gravetti was called and asked if Nadello had not on the previous Saturday told him that Mr. Shong wanted to give him [Nadello] $100 to testify in the case, counsel for the defendants objected on the ground that the question asked Gravetti referred to a different conversation from the one to which Nadello's attention had been directed, in that Nadello's attention was directed to a conversation which occurred on Sunday and not to one on Saturday. The trial court was not called upon to reframe counsel's objection, but was at liberty to rule upon it as made even though counsel labored under a misapprehension as to the force or effect of the objection in the form in which it was presented. An objection to the question asked Gravetti upon the ground that a proper foundation had not been laid should have been sustained, and doubtless would have been, but the objection as made was properly overruled.

Nadello testified for the defendants that he warned Koleff of the approach of the locomotive in ample time to avoid the in-[6] jury. Plaintiff sought to discredit this testimony by show-

ing that on the Sunday previous to the trial, Nadello had assumed to tell Gravetti what he knew of the accident but had omitted any reference to this warning. Whatever informalities may appear in the procedure adopted by counsel in their attempt to discredit the witness are of no moment, for the evidence given by Nadello with reference to the warning was wholly immaterial. It went only to the question of Koleff's contributory negligence, and that was not in issue, as we have heretofore observed.

6. Without objection from anyone, the court gave instructions 19 and 20, from which the jury must have understood that the [7] amount of any verdict which might be returned for plaintiff should be expressed in one lump sum. It was not suggested that the amount of the verdict should be apportioned by the jury between the surviving widow and child, as is held to be required under the Federal Employers' Liability Act in *Gulf, C. & S. F. R. Co.* v. *McGinniss,* 228 U. S. 173, 57 L. Ed. 785, 33 Sup. Ct. Rep. 426. In our opinion, the question of the informality of the verdict cannot be raised on appeal for the first time. In failing to object to the instructions above, and particularly to instruction 19, counsel for defendants waived their right to urge a reversal upon the ground now suggested, under section 6746, Revised Codes.

7. It is true that there is not in this record any direct evidence that Koleff was actually discovered by the enginemen in time to avoid the accident; but the fact may be established by circumstantial evidence. If, in this instance, it had been made to appear that Koleff was walking upon the railroad track in broad daylight, 200 feet or more in advance of Middleton's locomotive; that he was apparently unaware of danger; that the view from the locomotive was entirely unobstructed; that the enginemen were at their respective posts of duty on the locomotive, and were keeping a lookout ahead in the direction of Koleff; that the locomotive could have been stopped within from ten to thirty feet considering the speed at which it was moving, no one would question the right of a jury to say

that Koleff's position was discovered in ample time to avoid striking him, even in the face of the positive testimony of the enginemen that they did not see him at all until he was struck. In other words, a particular combination of circumstances may be more convincing than direct evidence whose probative force depends upon the veracity of witnesses more or less interested. While the case presented by the evidence before us is not so complete as in the supposititious case above, we think it is sufficient to justify the verdict.

The other assignments do not call for any discussion. No reversible error appears in the record.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.