No. 2331
Second Circuit Appeal

---

## MRS. MYRTLE R. FINCHER v. MEYER-GREENWALD CONSTRUCTION CO.

(June 30, 1925, Opinion and Decree.)
(July 11, 1925, Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Damages—Par. 103.**
Six hundred dollars is sufficient damage for an injury to the right side which caused a scar but no other serious con sequences.
(Civil Code, Art. 2315. Editor's note.)

Appeal from Second Judicial District Court of Louisiana, Parish of Webster, Hon. John S. Richardson, Judge.

This is a suit to recover damages for an injury. The sole question is the amount of damage.

There was judgment for plaintiff and defendant appealed.

Judgment reduced and affirmed.

Drew & Drew, of Minden, attorneys for plaintiff, appellee.

Stubbs, Theus, Grisham and Thompson of Monroe, attorneys for defendant, appellant.

CARVER, J. Defendant, a partnership, appeals from a judgment awarding plaintiff $1,000.00 for personal injuries caused by the felling of a tree by defendant's employees.

Defendant does not dispute liability, but claims that the judgment is excessive.

Plaintiff was riding in an automobile when the tree fell on it and her.

She received a wound about an inch above the umbilical line on the right side, the wound being about three fourths of an inch long, about one inch deep and penetrated into the fat tissue but not to the abdominal cavity or to the muscles.

The wound healed up but left a jagged scar.

Her husband says that, in addition to this wound, she was bruised in the arm, shoulder and leg and also a small place in her head.

The doctor was not asked about these bruises.

She suffered considerably from nervousness, and fright, and also bled profusely.

Doctor Crutsinger testifies—

"As I remember Mrs. Fincher was in a state of mild shock due to an apparent accident. She had a slight laceration in the abdomen at about one inch above the umbilical line on the right side; pulse one hundred and two (102); respiration, irregular, shock type—the respiration some times called hysterical respiration apparently due to fright and fear. I believe that I saw her some sixty (60) minutes after the accident."

On this visit he remained about an hour and a quarter, then visited her again three or four hours later that same night, and again the next morning. After this he did not visit her but called up to inquire of her condition by telephone frequently thereafter.

Plaintiff was expecting motherhood and feared an abortion. Fortunately this did not occur, and at the proper time, a little less than a month after the accident, she gave birth to a normal child.

She remained constantly in bed about four days, getting up a little on the fifth day but apparently spending most of her time in bed for six or eight days and in the house thereafter until recovery from the birth of the child.

. The doctor found it necessary on his first visit to give her a hypodermic of one quarter of a grain of morphine and one fiftieth of a grain of atropine, and thereafter gave her forty-grain doses of bromide for four days.

The doctor says that at the end of four days he felt no apprehension of serious consequences.

No lasting injury was suffered beyond the scar, which is in a place covered by the clothing.

Defendant cites the case of Stewart vs. Arkansas Southern Ry. Co., 112 La. 764, 36 South. 676.

Plaintiff's injury in that case, as described by the court, was as follows:

"Plaintiff as a witness examined under commission testified that she felt a pain in her back immediately after the accident and that on her arrival at Jonesboro, about 15 minutes after the accident, she suffered from sick stomach and internal pains; that she was taken to her home; that the next day she had hemorrhages. She suffered about a week and at the end of the week had an abortion. She was confined after the abortion about two weeks, and since that time she says she had not enjoyed good health.

"It may as well be stated here that when she testified, she, a second time expected to be a mother, and had been in an interesting condition for some time. This would go far toward showing that the ill effects of the abortion were not as permanent in effect as she thought, as she soon after the abortion was again expected to have a child."

The court in that case reduced the damages, which the jury had fixed at $2,500.00, to $1,000.00.

In the case at bar, the plaintiff received a wound, which the plaintiff in the Stewart case did not; but on the other hand Mrs. Stewart actually suffered an abortion, whereas the plaintiff in this case did not.

On the whole, it seems to us that an allowance of six hundred dollars would be sufficient compensation in this case.

The judgment of the lower court is amended by reducing the same to six hundred dollars and, as thus amended, it is affirmed.

## ON APPLICATION FOR REHEARING.

REYNOLDS, J. Defendant applies for a rehearing on the grounds that our decree having reduced the amount of the judgment rendered by the lower court from $1000.00 to $600.00 it should have taxed the costs of the appeal against plaintiffs, appellees.

The error complained of is oen apparent on the face of the papers and can be corrected without granting a rehearing.

For these reasons, it is ordered, adjudged and decreed that our former judgment be amended so as to read as follows:

The judgment of the lower court is amended by reducing same to six hundred dollars, and as thus amended it is affirmed; the costs of the appeal to be paid by plaintiffs, appellees.

And having thus corrected the error complained of, the rehearing asked for is refused.