**WEIGAND ET UX. v. GENERAL OUTDOOR ADVERTISING CO., INC.**

---

(May 25, 1931.   Opinion and Decree.)

---

Frymire & Ramos, Gordon Boswell, of New Orleans, attorneys for plaintiff, appellant, Mr. Weigand.

Monroe & Lemann, Walter J. Suthon, Jr., of New Orleans, attorneys for defendant, appellee.

JANVIER, J. On February 7, 1928, Mrs. Robert Weigand, while walking across Royal street at the Canal street intersection, was struck on the head by a falling object known as a "light cap," which fell from the top of an adjacent building admittedly as the result of negligence on the part of defendant's employees, who were engaged in installing colored "caps" in an advertising sign.

The particular cap which hit Mrs. Weigand weighed four ounces and had fallen from a height of about 50 feet. Mrs. Weigand claims the sum of $6,000 to compensate her for physical injuries and mental anguish and worry, and Mr. Weigand asks for a judgment for $77.50, which he says is the amount of expense—medical, hospital, et cetera—necessitated by the injuries sustained by Mrs. Weigand. It is conceded that only questions of quantum are involved. The district court rendered judgment in favor of Mr. Weigand in the sum of $77.50, as claimed, and in favor of Mrs. Weigand for $500. From the judgment in favor of Mrs. Weigand for $500 and in favor of Mr. Weigand for $77.50, both Mr. and Mrs. Weigand have appealed, though in oral argument and in brief we are told that Mr. Weigand finds no fault with the judgment in his favor, but that he merely joins Mrs. Weigand in her appeal. In answer to the appeal taken by both parties plaintiff, defendant corporation contends that the judgment in favor of Mr. Weigand should be reduced to $20.-50, which, it is maintained, is the total amount of expense to which he was put as a result of the accident in question.

The record shows that all of the items claimed by Mr. Weigand, with the exception of a bill of one of the doctors amounting to $5, have been proven to have been expended, and we are of the opinion that they were all rendered necessary by the accident in question. We find in the record, however, no proof as to the $5 item mentioned, and therefore, small and inconsequential as it is, we are under the necessity of reducing the judgment in favor of Mr. Weigand by that amount. Were it not for the fact that Mr. Weigand joined with Mrs. Weigand in the appeal, we would be of the opinion that defendant could not, by answering the appeal of Mrs. Weigand, maintain their rights to object to the judgment in favor of Mr. Weigand, for the claim of a husband, as head and master of the community, to recover for damage caused to the community, is separate and distinct from the claim of a wife to recover for her physical injuries, as has been many times held, notably in Shield v. Johnson & Son Co. et al., 132 La. 773, 61 So. 787, 47 L. R. A. (N. S.) 1080. The husband here, had he not joined the wife as appellant, would have been, in legal contemplation, a party appellee, and that one appellee cannot, by answer to an appeal, maintain rights as against another appellee, is well established. Williams et al. v. LeBlanc, 14 La. Ann. 757; Deblanc v. Levasseur, 26 La. Ann. 541. But, since Mr. Weigand did join in the appeal, and since there was an answer to that appeal, we have no alternative but to reduce the judgment in Mr. Weigand's favor to $72.50.

We will now consider the question of whether or not a sufficient amount has been awarded Mrs. Weigand. At the time

of the injury she was in a pregnant condition and had been so for nearly seven months. For a day or so her attending physician feared that there was a possibility that she might suffer a miscarriage, but his fears in this regard proved to be groundless and some two months or so later she gave birth to a normal child. Some time after the accident she continued to have headaches and pains in her back and came to the conclusion, that, possibly, she had sustained a fracture of the skull. However, X-ray photographs were taken and these showed that her fears in this regard were baseless. Later still she suffered from headaches and she visited an occulist, who treated her eyes, with the result that after some time the headaches disappeared. We find it very difficult to determine just what damage has been sustained in a situation of this kind, because, although for some time Mrs. Weigand undoubtedly feared that her skull was fractured and also that she would sustain a miscarriage, neither of these fears was realized, and tne actual injuries consisted solely of nervous shock, mental anguish for a short time, and headaches. We find that in a number of cases the Supreme Court of this state and this court have considered injuries resulting in miscarriages, and in those cases amounts ranging from one to two thousand dollars have been allowed. Here, however, the apprehended miscarriage, as we have said, did not take place. In a case involving injuries very similar (Fincher v. Meyer-Greenwald Construction Co., 2 La. App. 458) the Court of Appeal for the Second Circuit awarded the sum of $600, and in that case it appears to us that the sufferings of the plaintiff were at least as great as those of Mrs. Weigand. In view of the fact that there can be no mechanical or arithmetical accuracy in the awarding of damages, we believe it inadvisable to interfere with the finding of the trial court in a matter of this kind, where that finding is not manifestly erroneous. We feel, however, that in this case all costs of court should be borne by defendant.

The judgment of the court below, in so far as it awards damages to Robert Weigand, is amended by reduction of the amount thereof to $72.50, and, as amended, it is affirmed. Defendant to pay all costs in both courts.