## LABAT v. GAERTHNER REALTY CO., Inc.
### No. 14408.

Court of Appeal of Louisiana. Orleans. Feb. 13, 1933.

Wm. J. Curren, of New Orleans, for appellant.

M. R. DeReyna, F. W. Gaudin, and Edna K. Gaudet, all of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, together with her husband and her child, occupied the premises owned by defendant and leased to plaintiff's mother. Alleging that a portion of the plaster fell from the ceiling of one of the rooms and struck her on the head, back, and shoulders, causing severe pain and resulting in perma-

nent impairment to her health, she asks for judgment in the sum of $275 for the injuries, and for $10.75 as the amount due the physician who treated her after the alleged accident.

Defendant denies the allegations of the petition, contending that the alleged accident did not, in fact, occur.

On the trial, although contributory negligence had not been alleged, defendant by cross-examination of plaintiff's witnesses sought to show that plaintiff knew of the prior bad condition of the plaster, and that, being possessed of this knowledge, she should not have assumed a position directly under an apparently dangerous part of the ceiling.

In the court, a qua, judgment was rendered for defendant, and plaintiff has appealed.

That the plaster actually fell and struck plaintiff is abundantly shown by plaintiff's witnesses, and no effort whatever is made by defendant to contradict any of these witnesses on that point; defendant's attorney contenting himself with the argument that it is improbable that the plaster fell because the infant, who was in plaintiff's arms at the time, was not hurt.

Such an argument based entirely on improbabilities must yield to actual facts.

█ The evidence concerning plaintiff's prior knowledge of the defective condition of the ceiling shows no more than that most of the plaster in the premises was in a more or less dilapidated or cracked condition, and not that the portion of ceiling above plaintiff at the time of the accident was in imminent danger of falling. Therefore, it can no more be said that plaintiff was guilty of negligence in remaining in that particular spot than it can be said that she was at fault in remaining in the premises at all.

A similar contention was made in Boutte v. New Orleans Terminal Company, 139 La. 945, 72 So. 513, 516, in which case it was charged that a tenant who fell from a balcony because of an unsafe railing was contributorily negligent because she had used the balcony after acquiring knowledge of the fact that it was in a dilapidated condition. The Supreme Court, holding that knowledge of a generally defective condition is not sufficient to defeat an action by a tenant for damages caused by a defect, unless the particular defect which caused the injury is such as to indicate apparent, imminent danger, said:

"To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide. All that could be assumed in that respect would be that she knew or ought to have known that the balcony was unsafe. The evidence, however, does not justify our concluding that the danger was so apparent as to do away with the provisions of article 2695 of the Civil Code, whereby the lessor was bound to guarantee the lessee against all vices and defects in the leased premises and to indemnify her for any loss resulting therefrom."

Whether or not the plaster actually fell is solely a question of fact, and, since our brother below has apparently found with defendant on this question, we are reluctant to reach a contrary conclusion. We also realize that a landlord who owns properties which rent for very small amounts often finds himself confronted with claims for damages said to have occurred as a result of defects about which he knows nothing and concerning which he frequently is unable to obtain evidence corroborative of his belief that no such accident actually occurred, although there may seem to be ample grounds for his suspicions; and we feel that in cases such as this where the person said to have been injured is possessed of all the available evidence as to the occurrence, and the landlord is possessed of none, the plaintiff should be required to make out a case above suspicion. But here we find all the proof one way, and we cannot but say that the findings below were manifestly erroneous.

We do not find the injury sufficiently serious to warrant a substantial judgment. The fact that only $275 has been prayed for is, in itself, suggestive of plaintiff's belief that her health has not been permanently impaired as she claims in her petition. She was incapacitated for only a few days, and we believe that $100 is sufficient remuneration for her suffering.

█ She has claimed $10.75 as the amount charged by the physician, but since her husband, as head and master of the community, does not appear in the suit, this claim cannot be allowed.

In Shield v. F. Johnson & Son Co., 132 La. 773, 774, 61 So. 787, 788, 47 L. R. A. (N. S.) 1080, included in the claim of the wife for damages were certain "doctor bills, nurse bills, drug bills, clothing, and hospital ambulance service connected with the injury alleged by plaintiff." The court held that these charges could not be claimed by the wife, for they represented expenses of the community, and could only be recovered in a suit by the husband. Referring to these items, the court said:

"They are expenses of the community for which the husband is responsible; and he alone can recover therefor."

See, also, Horrell et al. v. Gulf & Valley, Etc., Co., Inc., 15 La. App. 603, 605, 131 So. 709; Weigand et ux. v. General Outdoor Advertising Co., 16 La. App. 558, 134 So. 770.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed,

and that there be judgment in favor of plaintiff, Mrs. Marion Labat, against the defendant, Gaerthner Realty Company, Inc., in the sum of $100, with legal interest from judicial demand, and for all costs.

Reversed.