**G. V. FEELEY, as Administrator of the Estate of George A. Feeley, Deceased, Appellant,**

v.

**NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Appellee.**

**No. 14698.**

United States Court of Appeals Ninth Circuit.

Feb. 13, 1956.

William G. Mouat, Lee Overfelt, Billings, Mont., for appellant.

Coleman, Jameson & Lamey, Cale Crowley, Bruce R. Toole, A. F. Lamey, Billings, Mont., for appellee.

Before ORR and LEMMON, Circuit Judges, and HARRISON, District Judge.

HARRISON, District Judge.

This is an appeal in a grade crossing accident from final judgments for the defendant in accordance with a jury verdict in two actions consolidated for trial. The facts in both cases are the same.

George A. Feeley, 73 years old, was killed on October 26, 1950 when the car he was driving collided with a train of the defendant Northern Pacific Railway Company at a railroad crossing in Sanders, Montana. The administrator of his estate, the appellant here, instituted two actions in the District Court of Montana to recover damages. Jurisdiction in that court was based on diversity of citizenship. 28 U.S.C.A. § 1332.

At 5:00 P. M., or shortly thereafter, on the day of the accident, the decedent was driving his jeep at 10 to 15 miles per hour in a southerly direction towards the railroad crossing. At the same time the train was approaching this point from the west at about 45 or 50 miles per hour. Both vehicles continued to the place of impact without stopping with the resultant death of Feeley. When the accident occurred it was still daylight with the sun just starting to set, the atmosphere was clear, and there were no obstructions limiting the decedent's view of the crossing. The decedent had been in good health and required glasses only for reading. The jeep being driven on the hard, dry, dirt road approach was a 1948 Willys in first class mechanical condition.

The deceased was familiar with the area generally, but, in particular, was familiar with the crossing having lived north of the tracks since 1906 and having had many occasions to use it during that period. From the testimony at the trial it seems that at least two members of the train crew observed the jeep prior

to the accident. One testified in substance that he saw the jeep when the engine was one quarter mile from the crossing as it turned to go south on the dirt road. The other said that he saw it when the train was about 200 feet from the crossing and the jeep 50 feet away. Both testified that there was nothing unusual in its progress to indicate to them that the driver was unaware of the approaching train, and hence continued on their course until the accident occurred.

The plaintiff proceeded in the trial court on rather a unique theory. He admitted and alleged the primary negligence of Feeley in creating the risk of harm to himself which ultimately resulted in his death, but also alleged that the decedent's unawareness or inattention creating the dangerous situation was discovered by the defendant in time to avoid the collision and under these circumstances it breached its duty by not acting in a reasonable manner to protect the life of the decedent. The least the defendant should have done, it is argued, was to have indicated to the decedent in some way that the train was approaching.

■ The liability to a negligently inattentive plaintiff is a variation of the last clear chance doctrine, defined in Restatement, Torts § 480 (1934), and recognized in Montana. See Toelle, Last Clear Chance Doctrine, Montana L.Rev. 12 (Spring 1944). For it to be applicable three elements are necessary:

(1) The exposed condition brought about by the negligence of the plaintiff or the injured person;

(2) The actual discovery by defendant of the perilous situation of the person or property in time to avert injury, and

(3) The failure of defendant thereafter to use ordinary care to avert the injury.

See Neary v. Northern Pacific Ry. Co., 1908, 37 Mont. 461, 97 P. 944, 19 L.R.A., N.S., 446; Melzner v. Northern Pacific Ry. Co., 1912, 46 Mont. 162, 163, 127 P. 146; Pollard v. Oregon Short Line R. R. Co., 1932, 92 Mont. 119, 11 P.2d 271. And the essential elements of discovery may be established by circumstantial evidence. Doichinoff v. Chicago M. & St. P. Ry. Co., 1916, 51 Mont. 582, 154 P. 924.

What is now argued to be a reversible error is the fact that the trial judge did not give instructions to the jury based solely on this theory of "discovered inattention". Not only were instructions fitting plaintiff's purported case granted, but instructions requested by defendant including statements as to primary and contributory negligence were also given. It is maintained that the conflict of instructions on a material issue, confusing and misleading the jury, entitles the plaintiff to a new trial.

This argument, however forceful under certain conditions, does not meet the facts of this case. Here there is nothing in the record indicating that the defendant actually discovered the perilous situation in time to avert injury nor is there anything indicating that the defendant should reasonably have discovered the situation by the demeanor or conduct of the deceased.

■ The law in Montana is clear that when a train is at a point which is within the traveler's vision while he is in a place of safety, he will be deemed either to have seen it and proceeded regardless of the danger, or to have failed to make a vigilant use of his senses. In such a situation the traveler is the author of the misfortune which befalls him. Great Northern Ry. Co. v. Taulbee, 9 Cir., 1937, 92 F.2d 20, certiorari denied, 1938, 302 U.S. 766, 58 S.Ct. 476, 82 L.Ed. 595; Roberts v. Chicago, M. & St. P. Ry. Co., 1923, 67 Mont. 472, 216 P. 332. A person approaching a railroad crossing is required to take all reasonable precautions to assure himself by actual observation that there is no danger from an approaching train. Rau v. Northern Pac. Ry. Co., 1930, 87 Mont. 521, 289 P. 580. The Montana Code, Section 72–164, R.C.M.1947, provides that " * * * all persons driving mo-

tor vehicles \* \* \* when the view is obscure, or when a moving train is within sight or hearing, shall bring said vehicle to a full stop not less than ten nor more than one hundred feet from where said highway intersects railroad tracks \* \* \* ", and in a factual situation where a motorist does slow down to 10 or 15 miles per hour, it would ordinarily be presumed that the motorist was complying with the statutory requirement.

In addition then to there being no evidence on one of the essential elements of plaintiff's theory of liability, Montana law, applicable to the facts here, precludes the plaintiff from recovery. Any error that may have been committed can be classified as harmless error, Fed.Rules Civ.Proc. Rule 61, 28 U.S.C.A. and is not grounds for reversal, 28 U.S.C.A. § 2111. See also Pence v. Langdon, 99 U.S. 578, 25 L.Ed. 420; Maritime Ins. Co. v. M. S. Dollar S.S. Co., 9 Cir., 177 F. 127, certiorari denied 1910, 218 U.S. 674, 31 S.Ct. 223, 54 L.Ed. 1205; Wonnacott v. Denver & Rio Grande West. R. Co., 10 Cir., 187 F.2d 607.

The judgment is affirmed.