Addendum to dissent.
TATE, Judge.
A rehearing was granted primarily to allow consideration of the contention that, as against an innocent party injured through the concurrent negligence of two defendants, neither tort-feasor can exculpate himself from liability by alleging that the accident was produced by the greater or more proximately intervening negligence of the other. Shield v. F. Johnson & Son Co., 132 La. 773, 61 So. 787, 47 L.R.A.,N.S., 1080; Abrego v. Tri-State Transit Co., La.App. 1 Cir., 22 So.2d 681. It was also granted to consider various substantial alternative contentions raised by the defendants-appellants.
Prior to the consultation at which this rehearing was granted, the writer reached the conclusion that his original dissent had erroneously agreed that the defendants-appellees should be held free of liability if the railroad engineer had the last clear chance to avoid the accident. Because I may not be sitting with this court when the case is heard upon rehearing, I wish to revise my dissent to the original opinion in this regard. For after all, from a common sense standpoint, the primary cause of the accident was the negligence of the defendants’ truck driver in blocking a main railroad line by their premises, even though the negligence of the railroad engineer in failing to perceive the danger sooner may have contributed to the accident and the resultant injuries received by the plaintiff.
Further, since the writer may not be with this court upon the rehearing, it does not seem to him to be inappropriate to elaborate somewhat the views of the original dissent.
Reverting to the original dissenting opinion, my able brethren of the majority were led into (in my belief) erroneous reliance upon the photographs by the feeling that any discrepancies between them and the actual scene at the date of the accident should have been developed by direct or cross-examination by counsel for the plaintiff-appellee. Such, perhaps, is a contention that should better have been addressed to the argument before the jury, which had the duty of weighing, against these pictures, the sworn testimony that a tree and house since removed had at the date of accident obstructed the view of northbound engineers.
It was this sworn testimony upon which the plaintiff-appellee relied; and had the trier of fact discounted it in favor of the photographs, it would not now be open to appellee to argue that the photographs, did! not really resemble the scene at the date of the accident, when counsel had failed at the trial to develop this discrepancy. But, similarly, the appellant did not see fit to introduce evidence to prove that the scene at the time of the accident was correctly reflected by the photographs, which it was stipulated were taken one and one-half years after the accident and which the engineer-witnesses without contradiction testified did not reflect the view of an oncoming engineer at the time of the accident. Having introduced the pictures without such proof — having accepted their chances at the trial of introducing them in the face of the sworn contradicting evidence — , the appellants cannot (it seems to me) now argue on appeal that the photographs do really reflect the view at the time of the trial.
*810 The truth of the matter is that whether the photographs do or do not correctly reflect the scene at the time of the accident (and outweigh sworn evidence that they do not) is a matter that cannot he determined by mere examination of the record before us on this appeal. It is a factual determination that, on the basis of the present record, an appellate court is not qualified to make. To hold that the pictures do truly represent the scene at the time of the accident we must rely on naked inference. To do so in the face of a contrary resolution by the trier of fact (and where, incidentally, we are informed that the trial jury actually visited the scene) seems to me to be simply beyond our function of appellate review.
Before ELLIS, LOTTINGER, TATE, HERGET, and LANDRY, JJ.