**Debby BOND, Plaintiff,**

v.

**Larry REXROAT, Defendant.**

**No. 2073.**

United States District Court,
D. Montana,
Butte Division.

March 3, 1972.

Robert T. O'Leary of Burgess, Joyce, Prothero, Whelan & O'Leary, Butte, Mont., for plaintiff.

Lyman H. Bennett, Jr., Bozeman, Mont., for defendant.

ORDER

WILLIAM D. MURRAY, Senior District Judge.

The defendant has moved the court to bring in a third party defendant on the theory that the third party defendant through the applicability of the last clear chance doctrine is liable to indemnify the defendant for any damages awarded the plaintiff. It is the court's opinion that the defendant has completely miscon-

strued the doctrine of last clear chance in an effort to circumvent Montana law which denies contribution or indemnity between concurrent tortfeasors involved in an automobile collision. Panasuk v. Seaton, 277 F.Supp. 979 (D.C.1968).

A review of the Montana cases discussing the doctrine of last clear chance reveals none which allowed the defendant to utilize the doctrine. Generally the courts which take the view that a defendant may not invoke the doctrine hold that it is based upon four elements, the existence of all of which is essential to its application: (1) plaintiff's inability to escape from, or obliviousness to, danger resulting from his own negligence, (2) defendant's awareness of the danger, (3) defendant's opportunity to avert the injury, and (4) defendant's failure to avert it, and has for its purpose relief against the bar of a plaintiff's contributory negligence which placed him in the position of peril. 32 A.L.R.2d 543, 547. Montana law is clearly in accord with this doctrine although it is usually stated as comprised of three elements instead of four. Feeley v. Northern Pacific Railway Company, 230 F.2d 316 (9 Cir. 1956) citing Toelle, Montana Applications of The Last Clear Chance Doctrine, 5 Montana Law Review 12 (Spring 1944); Neary v. Northern Pacific Ry. Co., 1908, 37 Mont. 461, 97 P. 944; Melzner v. Northern Pacific Ry. Co., 1912, 46 Mont. 162, 127 P. 146; and Pollard v. Oregon Short Line R. R. Co., 1932, 92 Mont. 119, 11 P.2d 271. In 1969 the Montana Supreme Court reaffirmed this theory in Lamb v. Page, 1969, 153 Mont. 171, 455 P.2d 337. This is also the doctrine adopted by the American Law Institute in Restatement of Torts, 2d, Sections 479, 480, which is cited in Mally v. Asanovich, 1967, 149 Mont. 99, 104, 423 P.2d 294, 297. The comment to Section 479, 2 Restatement of Torts 2d, 530, states: "The rules of the 'last clear chance' stated in this section, and in the following Section 480, represent an exception to the general rule that the plaintiff's contributory negligence bars his recovery." A law intended for the benefit of a contributorily negligent plaintiff cannot be utilized by a defendant.

The foregoing argument may not apply when the defendant has counterclaimed and in essence becomes the plaintiff. The question need not be decided in this case, but there is authority that the doctrine is available to the defendant in such an action. See cases cited at 32 A.L.R.2d 543, 546, note 4.

There is still another and more compelling rationale for rejecting defendant's theory. Here he is attempting to apply the doctrine of last clear chance, not between plaintiff and defendant, but between defendant and third party defendant. While this question has never been considered by Montana courts, the cases in other jurisdictions which have dealt with this issue have held that this is a problem of concurrent negligence to which the doctrine has no application. Cordiner v. Los Angeles Traction Co., 5 Cal.App. 400, 91 P. 436 (1907); Spear v. United R. Co., 16 Cal.App. 637, 117 P. 956 (1911); Shield v. F. Johnson & Son Co., 132 La. 773, 61 So. 787 (1913); Kimbriel Produce Co. v. Mayo, 180 S.W. 2d 504 (Tex.Civ.App.1944); Greene v. Charlotte Chemical Laboratories, Inc., 254 N.C. 680, 120 S.E.2d 82 (1961).

There is, of course, authority to the contrary where it has been determined that one tortfeasor may be liable to indemnify the other (Colorado & S. Ry. Co. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30 (1923) ), where one tortfeasor's negligence is sequential and not current (Congressional Country Club v. Baltimore & O. R. Co., 194 Md. 533, 71 A.2d 696 (1950) ), where the doctrine of last clear chance has been determined to be not a qualification of the rule of contributory negligence, but instead a development of the doctrine of proximate cause (Menter v. Barnes, 47 F. Supp. 932 (D.C.1942) ). In light of the above discussion of Montana law, these cases can have no influence on this decision.

The doctrine of last clear chance has no application as between two parties whose concurrent negligence resulted in injury to another because (1) ultimate liability is determined by proximate cause, and (2) Montana law has determined that concurrent tortfeasors may be sued jointly or individually and that contribution or indemnity between them is not available. Panasuk v. Seaton, supra. To apply the doctrine here would serve to frustrate the latter which is public policy, while only adding unnecessary elements to the issue of proximate cause and ultimate liability. Further, it would circumvent Montana's guest passenger doctrine which has established that a driver cannot be liable to a guest passenger for ordinary acts of negligence.

Last clear chance can have no application in a case such as this because the elements necessary for its utilization are not present. Since, in Montana, negligence of the driver of a vehicle is not to be imputed to a passenger (Hernandex v. Chicago, B. & Q. R. Co., 144 Mont. 585, 398 P.2d 953) then it is impossible to establish the first element necessary to the doctrine, i. e. the plaintiff's inability to escape from, or obliviousness to, danger *resulting from his own negligence.*

It is the opinion of this court that last clear chance is a doctrine applicable only as an exception to the contributory negligence rule and is available only in those cases where the plaintiff or injured party can satisfy the elements of the doctrine. The court is aware of no Montana case where the doctrine has been utilized by the defendant against a plaintiff, nor any case where it has been utilized between two parties whose concurrent negligence resulted in injury to a third party. Since Montana courts have not so held, this court cannot extend the doctrine beyond its present limits.

Rule 14(a) of the Federal Rules of Civil Procedure provides that a party must obtain leave of court to file a third party complaint if he fails to file the complaint within ten days after his original answer. Since the doctrine of last clear chance is not available to concurrent tortfeasors in an action between them for indemnity or contribution, the third party plaintiff has failed to set out under Montana law a theory upon which liability of the proposed third party defendant for all or part of the plaintiff's claim may be established.

Therefore, it is ordered and this does order that the defendant's motion to file a third party complaint be and the same is hereby denied.