510

Kelley, Looney & Norvell, of Edinburg, for appellant.

Walter G. Weaver, of Donna, and Strickland, Ewers & Wilkens and R. D. Cox, Jr., all of Mission, for appellees.

SLATTON, Justice.

J. O. Wooten filed suit against A. J. Chaney and wife, May R. Chaney, Mabel Chaney, and the First State Bank & Trust Company of Mission, Tex.

The trial petition was in two counts: In the first it is alleged that on or about the 25th day of March, 1931, A. J. Chaney and May R. Chaney executed and delivered to J. O. Wooten three promissory notes in the principal sum of $1,528.45 each, payable one, two, and three years after date, and given as part of the purchase price of the north 12.2 acres of the south 24.39 acres of lot No. 10, and the east 3.78 acres of lot

**WOOTEN v. CHANEY et al.**

No. 10008.

Court of Civil Appeals of Texas.
San Antonio.

April 28, 1937.

Rehearing Denied May 26, 1937.

No. 9, in section No. 268 of the Texas-Mexican Railway Company's surveys in Hidalgo county; that said notes were past due and unpaid, except $905 paid on the 10th day of February, 1932; that Mabel Chaney and the bank were claiming an interest in the real estate; that if superior liens were found by the court against said land, an offer to do equity; praying for judgment for debt and for foreclosure of the lien, etc.

The second count alleged ownership of said three promissory notes, and that said notes were second and inferior to four notes in the principal sum of $152.44, which were held by Sadie J. Love, a feme sole; that A. J. Chaney, May R. Chaney, Mabel Chaney, and the bank entered into a conspiracy to defraud J. O. Wooten and render his second lien against the land unenforceable; and that pursuant to such scheme and conspiracy the bank procured the legal title to the first lien notes; procured the resignation of the trustee named in a deed of trust securing the first lien notes; procured the appointment of a substitute trustee, and had the land sold on the May sales' day, 1935. That notice of such sale was not posted as required by law, and the holder of the second lien notes not notified. That said land at the time of the trustee's sale had a fair market value of $6,000; that the consideration for the trustee's sale was grossly inadequate. Many other allegations were made not necessary to here state.

The Chaneys answered by general demurrer and general denial, the bank, by general demurrer, special exceptions, and general denial, and specially denied the entry of it into a conspiracy; that long prior to the sale of the property involved the bank acquired the four vendor's lien notes, together with the deed of trust securing the payment of same; that said notes were past due; that the original trustee named in the deed of trust being dead, the bank, as owner and holder of the notes, appointed J. E. Wilkins as substitute trustee; that the property was sold by the substitute trustee and purchased by the bank on the 7th day of May, 1935; and shortly thereafter said property was sold to Mabel Chaney.

The cause was tried to a jury and submitted on special issues, and in response to the special issues the jury found: First, that the reasonable market value of the land in question on May 7, 1935, was $2,500; second, that the appellees, First State Bank & Trust Company of Mission, Tex., A. J. Chaney, May R. Chaney, and Mabel Chaney, did not enter into a conspiracy, as the term was defined by the court, to render unenforceable the second lien against the property in question; third, that the bank and A. J. Chaney did not enter into a conspiracy to render unenforceable the second lien against the property; fourth, that A. J. Chaney, May R. Chaney, and Mabel Chaney did not enter into a conspiracy to render unenforceable the second lien against the property; and, fifth, that Mabel Chaney did not hold the title to the property in question as trustee for May R. Chaney and A. J. Chaney.

Upon these findings the court entered judgment in favor of J. O. Wooten against A. J. Chaney and May R. Chaney upon the notes sued on by Wooten, but denied foreclosure, and entered judgment in favor of Mabel Chaney and the First State Bank & Trust Company of Mission, Tex., in so far as the foreclosure of Wooten's asserted lien. Appellant, J. O. Wooten, brings the case here.

By the first proposition the appellant asserts that the court erred in overruling appellant's motion for judgment for the reason that the undisputed evidence in the case shows that the actual consideration paid for the tract of land at the trustee's sale in question was at most only $170, and grossly inadequate; that the bank had purchased the first lien notes at the request of one of the makers, A. J. Chaney, and had, on the day after the sale, conveyed the property to A. J. Chaney's daughter, Mabel Chaney; that appellant had no notice of the sale, and had offered to pay off and discharge the amount of the first lien; that under these facts he was entitled to have foreclosure of his second lien notes as a matter of law.

It appears that in 1931 the appellant, J. O. Wooten, sold the land in question to A. J. Chaney and his wife, May R. Chaney, and in the conveyance to the Chaneys they assumed and agreed to pay off and discharge six first vendor's lien notes, in the principal sum of $152.44 each; said notes being payable to the order of Sadie J. Love; and the Chaneys executed and delivered their three notes, in the principal sum of $1,528.45 each, to J. O. Wooten.

It appears that early in the year 1935 A. J. Chaney requested Mr. B. F. McKee, who was an officer of the First State Bank & Trust Company of Mission, to purchase the unpaid first lien notes from Sadie J. Love. The bank purchased such notes from Miss

Love for $664.63 some time in March, 1935. It appears that A. J. Chaney expected some returns from the sale of fruit in the spring or summer of 1935. The first lien notes were transferred at the time of purchase to the bank, and it appears that the trustee named in the deed of trust was deceased, and that the bank had appointed J. E. Wilkins as substitute trustee, and requested that the property be sold to satisfy the notes, which was done on the 7th day of May, 1935. The bank purchased the property at such sale, for a consideration in the amount of the notes being $676.54. It appears that Miss Mabel Chaney went to the bank and requested that such property be sold to her, and the bank agreed to sell the same to her for whatever they had in the property, together with interest for the detention of the money. The conveyance was made to Mabel Chaney on the 8th day of May, 1935. We will not encumber the record with a recitation of all the evidence. It is sufficient to say that there is evidence which, in our opinion, would support the finding of a conspiracy and there is also evidence to negative the showing of a conspiracy, and in this state of the record it was the duty of the trial court to submit the issue of conspiracy to the jury, which he did, and upon the negative finding to such question of conspiracy by the jury the trial court, as well as this court, is bound.

As an authority for his position, the appellant cites us the case of Kerr v. Henderson (Tex.Civ.App.) 13 S.W.(2d) 227, as well as other cases. We have examined all authorities cited by appellant, and are of the opinion that they do not sustain his position here. In the Kerr Case, supra, the conclusion upon the undisputed facts was inescapable that the parties were colluding for the purpose of rendering unenforceable second liens. The evidence in the case at bar is sufficient, we think, to sustain the jury finding and to negative the issue of collusion or conspiracy, and in that state of the record the negative finding by the jury is binding upon us.

■ The appellant, by his second proposition, asserts that the undisputed evidence in this case shows that a great part of the consideration recited in the trustee's sale in question was actually paid by A. J. Chaney, and thereby Mabel Chaney became the trustee for A. J. Chaney, to the extent of the consideration paid by A. J. Chaney, and cites many authorities to support such contention. We have examined the evidence on this proposition and are of the opinion

that there is evidence which would support a finding that a part of the actual consideration was paid by A. J. Chaney, and also that there is evidence to support a finding that all of the consideration was paid and was to be paid by Mabel Chaney. Again, we think that the finding of the jury that Mabel Chaney was not holding title to the property as trustee is binding upon this court, and hence the appellant's proposition is overruled.

■ Appellant, by his third proposition, makes the contention that under the allegations of the first count of his trial petition and under his evidence offered in support thereof, he had a prima facie case for the foreclosure of his lien, and as the appellees wholly failed to show a superior interest in and to the property by evidence, as the deed of trust, that the trial court erred in his refusal to enter judgment for appellant.

The case was tried in the court below on the theory of appellant's second count in his trial petition, wherein he alleged the deed of trust, the trustee's deed, and the deed from the bank to Mabel Chaney, and by his allegations and proof sought to show that they were illegal and void, and as a result of an illegal conspiracy between the parties named. The issues as made by the pleadings and by the evidence were submitted to the jury by the trial court, and answered by the jury adversely to the appellant. We think this proposition is without merit.

■ In his next and last proposition, appellant complains of argument made by the counsel representing the Chaneys, contending that the same was prejudicial, and is such an error as would require a reversal of this cause. We have considered the argument, as well as the authorities cited by appellant and have concluded that the same do not show reversible error. We think it is the duty of an appellate court to consider the argument made, in the light of all the facts and circumstances surrounding the trial of each case, and where it appears that the argument was justified, in view of the facts and circumstances of the particular case, no error is shown. Our view is supported by the following authorities: Texas & N. O. Ry. Co. v. Rittimann (Tex.Civ.App.) 87 S.W.(2d) 745; Yellow Cab Co. v. Treadwell (Tex.Civ.App.) 87 S.W.(2d) 276; Moore v. Parrish (Tex.Civ. App.) 70 S.W.(2d) 315.

There being no reversible error in the record, it follows that the judgment of the trial court should be and is affirmed.