### ANTONIO MONCADA V. D. A. SNYDER.

No. 7640. Decided June 25, 1941.
(152 S. W., 2d Series, 1077.)

*Roy L. Arterbury* and *Ernest H. Folk,* both of Houston, for plaintiff in error.

On the question of plaintiff's negligence. Marshall & E. T. Ry. Co. v. Petty, 107 Texas 387, 180 S. W. 105; Texas & N. O. Ry. Co. v. Adams, 27 S. W. (2d) 331.

On the improper argument of counsel. Huey & Philip Hardware Co. v. McNeil, 111 S. W. (2d) 1205; 41 Tex. Jur. 745, 777, 801, 815; Southland Greyhound Lines v. Cotten, 126 Texas 596, 91 S. W. (2d) 326; Page v. Thomas, 123 Texas 368, 71 S. W. (2d) 234.

*Allen, Helm & Jacobs,* of Houston, for defendant in error.

Contributory negligence of plaintiff having the right of way is a question for the jury. Roddy v. Herren, 125 S. W. (2d) 1057; Schmacher Co. v. Bahn, 78 S. W. (2d) 205.

Counsel may comment on the failure of adverse party to produce testimony, or may draw inferences from the record and the conduct of his opponent. Marek v. Southern Enterprises, 99 S. W. (2d) 594; Corn v. Crosby County Cattle Co. 25 S. W. (2d) 290.

Newspaper articles are not grounds for a new trial. Weisner v. Missouri, K. & T. Ry. Co., 207 S. W. 904; Texas & N. O. Ry. Co. v. Barwick, 110 S. W. 933.

MR. JUSTICE SHARP delivered the opinion of the Court.

D. A. Snyder filed this suit against the St. Paul-Mercury Indemnity Company, Antonio Moncada, and Francisco Alanis, for personal injuries sustained in an automobile collision on the streets of Houston. The trial court sustained a plea in abatement filed by the St. Paul-Mercury Indemnity Company, and the case proceeded to trial before a jury against the other two defendants. The court entered judgment in favor of the defendant Francisco Alanis. Based upon the answers of the jury to special issues, the trial court entered judgment for D. A. Snyder against Antonio Moncada for the sum of $5,060.00. An appeal was taken to the Court of Civil Appeals at Galveston, and the judgment of the trial court was affirmed. 129 S. W. (2d) 817.

Plaintiff in error contends that D. A. Snyder was guilty of contributory negligence, as a matter of law, and that the Court of Civil Appeals erred in failing to so hold. The collision occurred at the corner of Fannin and Calumet streets in the City of Houston, neither of which was a stop street. Snyder was driving west on Calumet street, approaching Fannin street on Moncada's right, and entered the intersection ahead of Moncada, which gave Snyder the right of way. Before entering Fannin street Snyder reduced his speed to three or four miles an hour, changed gears, and looked both ways. He saw the top of Moncada's truck approaching at some distance from the intersection, but could not estimate its exact speed. Concluding that he had ample time to cross Fannin street in safety, Snyder drove ahead in second gear, entirely crossing his near side of Fannin street, which was Moncada's right-hand

side of Fannin street. After Snyder had entirely crossed Moncada's right side of Fannin street, and as he was almost to the northwest corner, Moncada, who the testimony showed was drunk, and who was driving north on Fannin street, with ample room to drive straight ahead and pass behind Snyder in safety, suddenly veered to his left at a high rate of speed, driving onto his left-hand side of Fannin street and striking the left rear portion of Snyder's car just as it was about to clear the intersection entirely, and throwing Snyder out and injuring him.

The jury found that Moncada was guilty of negligence in the following particulars: (1) That he was driving a truck at a speed in excess of twenty miles per hour; (2) that he was driving a truck at a speed which was dangerous under the circumstances; (3) that he failed to keep the truck under proper control; (4) that he was driving a truck on his left-hand side of Fannin street; (5) that he failed to keep a proper lookout for vehicles ahead of the truck which he was driving; and that each of said acts constituted negligence on the part of Moncada and was the proximate cause of Snyder's injuries.

The jury acquitted Snyder of negligence in driving his automobile across the street in front of the approaching truck driven by Moncada.

1 The pleadings and the evidence raised the issues submitted by the trial court to the jury. Under the state of this record, the trial court and the Court of Civil Appeals would not have been justified in holding, as a matter of law, that Snyder was guilty of contributory negligence. The question as to whether or not Snyder was guilty of negligence was an issue for the jury to determine. Stevens v. Karr, 119 Texas 479, 33 S. W. (2d) 725; Galveston, H. & S. A. Ry. Co. v. Wells, 121 Texas 310, 50 S. W. (2d) 247; Texas & N. O. Ry. Co. v. Crow, 121 Texas 346, 48 S. W. (2d) 1106; Trochta v. Missouri K. & T., 218 S. W. 1038; Galveston H. & S. A. Ry. Co. v. Duty, 267 S. W. 744 (aff. by Com. App., 277 S. W. 1057) ; Paris & G. N. R. Co. v. Stafford (Com. App.), 53 S. W. (2d) 1019; Postal Tel. & Cable Co. v. Saper (Civ. App.), 108 S. W. (2d) 259.

Plaintiff in error contends that the Court of Civil Appeals erred in holding that it was within the discretion of the trial court to allow the attorney for Snyder to make the following closing argument to the jury: "Why didn't that power that is back behind the defense of this case—some power—who

it is we do not know—but the power that conducted the investigation, for the defense in this case—why didn't that power acquaint counsel for the defense of the whereabouts of those defendants, they didn't do it—but put Mr. Folk (counsel for defendant) in a very embarassing situation of having to go on the stand and explain to the jury why he didn't know where the defendants were. That power that is behind the defense of this case, or somebody connected with the machinery of the defense, hasn't been fair."

Counsel for Moncada at this point objected to the argument in the following language: "If the court please, that argument is of such a nature that its effect cannot be withdrawn—he can't withdraw it."

Counsel for Snyder replied as follows: "I have nothing to withdraw; I say the power, whoever it may be, behind the defense in this case, hasn't been fair."

Counsel for Moncada contend that this argument injected the question that an insurance company was in the case.

It was alleged that the two Mexicans who were occupying the truck at the time of the collision were convicts on the Blue Ridge State Prison Farm. Each of the defendants filed a general denial, but neither of them was present at the trial. Counsel for Snyder contended that, in the face of such general denial, proof of the identity of the driver of the truck was necessary to establish Snyder's case. Likewise, it was contended that Snyder was entitled to prove any admissions of the two Mexicans against their interest, or to establish any presumptions arising from their failure to testify, that would tend to support his case.

Counsel for Snyder stated in open court that he would like to use the defendants as witnesses. The sheriff called said defendants three times at the door of the court room, and reported that they did not answer. Counsel for Moncada made the following statement: "In view of the fact that counsel has called the two defendants I want to make this statement: That we do not know where the defendants are, whether they are within the jurisdiction of the Court, or whether they are in the State of Texas. We have no knowledge of their present whereabouts."

Following the foregoing statement, counsel for Snyder stated that he would use the sheriff as a witness. Therefore the sheriff was called as a witness by counsel, and in reply to questions stated that he had called the two defendants at the court house door, and that they did not answer.

Counsel for Snyder then called one of the attorneys representing the two Mexicans, and in response to questions he stated that he was one of the attorneys representing the two Mexicans in the case; that no effort had been made to take the deposition of either of said defendants; and that during the last twelve months he did not know the whereabouts of the said defendants.

Counsel for Snyder then called another witness, who stated that his business was that of a police officer, and that he knew Antonio Moncada, that he saw him on the 9th day of May, 1936, at the Blue Ridge State Prison Farm, and that he again saw him at the time of the trial at the prison farm, which farm is located several miles from Houston.

Counsel for the defendants then placed one of the other attorneys representing the defendants on the witness stand, and elicited from him that it was his impression that they had long since been discharged from the prison farm, and that he had been advised that they were both gone from the Blue Ridge State Prison Farms, and had left the State for parts unknown. Thereupon he was cross-examined by counsel for Snyder in the following manner:

"Q. Some other party advised you of that?

"A. Yes, sir.

"Q. Somebody in charge of the investigation of the case?

"A. Yes."

Counsel for Snyder had the right to call for the defendants and place them on the witness stand. When it appeared that they were not in the court room, he had the right to ascertain their whereabouts. This record presents a peculiar state of facts, and it shows that they were State convicts on a prison farm, and that while drunk they were out riding in a truck on the streets and highways at a dangerous rate of speed, and that through the negligence of Moncada, who appears to have been driving the truck, the collision occurred, which resulted in Snyder's sustaining injuries.

**2** This suit was abated as to the St. Paul-Mercury Indemnity Company, and that company was no longer a party to the suit. This Court has repeatedly held that it is error for counsel to apprise the jury of the existence of indemnity insurance when the company is not one of the parties to the suit. 41 Tex. Jur., pp. 745, 777, 801, and 815, secs. 39, 59, 77, and 85; Huey & Philip Hdw. Co. v. McNeil, 111 S. W. (2d) 1205; Southland Greyhound Lines v. Cotten, 126 Texas 596, 91 S. W. (2d) 326, 330.

**3** The argument complained of does not mention an insurance company, but does mention some power behind the defense that had been unfair. We think that the reference by counsel to "some power behind the defense," although it does not disclose that the power referred to was an insurance company, was improper; but, in view of the fact that the evidence legitimately before the jury, and, in fact, the whole setting of the case, necessarily disclosed that someone other than the two Mexican convicts, who apparently were taking no interest in the trial, was behind the defense,—and the further fact that counsel did not request the court to instruct the jury not to consider the statement of counsel,—the record presents no reversible error. See Ramirez v. Acker, 134 Texas 647, 138 S. W. (2d) 1054.

**4** Counsel for Moncada further contend that the Court of Civil Appeals erred in holding that the record failed to show that the question of insurance was injected into the trial, either through the *Houston Post* publication or through the conduct of Snyder's counsel; because the argument of Snyder's counsel, coupled with the article which was published in the *Houston Post* on the morning the case was submitted to the jury, together with the amount of damages awarded to Snyder for the injuries received by him, when considered with the answers to the various special issues by the jury on contributory negligence, indicate clearly that the jury were fully aware that an insurance company was the real party at interest, and that the jury were prejudiced and biased by the improper remarks of counsel for Snyder and by the *Houston Post* publication.

The record discloses that on the morning the case was submitted to the jury the *Houston Post* carried under the court records, among many other items, the statement: "Eleventh District, D. A. Snyder vs. St. Paul-Mercury Indemnity Co., on

trial," without giving the number of the case or any other identifying information; and there was no showing in the record that said publication ever came to the attention of any juror, and the defendants failed to make any complaint thereof, or to call it to the court's attention, until Moncada filed his first amended motion for new trial, a month after the jury had returned its verdict. The notice appeared in the *Houston Post* on the 3d day of November, 1937. On that day, according to the judgment, the case was submitted to the jury, and it returned its verdict into court. On the hearing of the motion for new trial no jurors were brought back, and there was no showing that this newspaper had been read by any juror. There is no showing of any prejudice to Moncada on account of the item which appeared in the *Houston Post*, and the trial court, in the exercise of its judgment and discretion, overruled such contention. The Court of Civil appeals did not err in its holding.

We have considered the other questions presented in the application for writ of error, and we do not find that the Court of Civil Appeals committed error in disposing of them.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered June 25, 1941.