**KIMBRIEL PRODUCE CO., Inc., v.
MAYO et al.
No. 11403.**

Court of Civil Appeals of Texas.
San Antonio.
April 19, 1944.

Eskridge & Groce and Walter Groce, all of San Antonio, Harry Schulz, of George West, and T. P. Hull, of San Antonio, for appellant.

Sid L. Hardin, of Edinburg, R. E. Schneider, of George West, and Nat L. Hardy, and Johnson & Rogers, all of San Antonio, for appellees.

NORVELL, Justice.

Tracy L. Mayo and wife, Lillian Mayo, were passengers in a common carrier bus operated by Joe Amberson, d. b. a. Union Bus Lines. This bus collided with a truck owned by Kimbriel Produce Company, Inc., during the nighttime (early morning of July 11, 1942) at a place near the north city limits of the town of Three Rivers, Live Oak County, Texas.

The trial court rendered judgment upon a special issue jury verdict in favor of Tracy L. Mayo for $5,680 ($4,680 for injuries sustained by Tracy Mayo, and $1,000 for injuries sustained by his wife) and against Joe. Amberson and Kimbriel Produce Company, Inc., jointly and severally. In accordance with the provisions of Article 2212, Vernon's Ann.Civ.Stats., contribution between Amberson and Kimbriel Produce Company, Inc., as tort-feasors, was provided for in the judgment.

Kimbriel Produce Company (hereinafter referred to as Kimbriel) has appealed. Tracy L. Mayo and Joe Amberson are appellees. Amberson did not appeal from Mayo's judgment against him.

Kimbriel, by six points of error, asserts (a) that there is no evidence that the alleged acts or omissions of its truck driver were negligent in nature or proximately caused the injuries of Mayo and his wife; (b) that Kimbriel, under the facts disclosed by the record, was entitled to a judgment of full indemnity against Amberson for any and all sums it might be forced to pay to Mayo by reason of the judgment rendered, and (c) that the trial court erred in failing to submit certain requested special issues embracing the doctrine of discovered peril.

We first consider the contention that there is no competent evidence supporting a recovery by Mayo against the appellant, Kimbriel. It is argued that the driver of the Kimbriel truck could not reasonably foresee that his actions immediately prior to the collision would result in harm to any one.

The collision occurred at the intersection of U. S. Highway No. 281 and State Highway No. 72. In this particular locality, Highway 281 runs approximately north and south. The right of way is a hundred and twenty feet in width and along the approximate center line thereof a twenty-foot-wide concrete slab is laid, which constitutes the hard surface or wearing portion of the highway. Highway 72 is an unpaved road. It approaches and runs into Highway 281 from the northeast. The angles formed by the intersections of the center lines of the two highways are approximately forty-five degrees and one hundred and thirty-five degrees, the acute angle lying north of the obtuse angle.

The embankment or fill of Highway 72 is widened to some extent so as to provide two approaches onto Highway 281; that is, one approach turns in a northerly direction onto Highway 281, leading toward San Antonio, while the other approach turns in a southerly direction onto Highway 281, leading toward the town of Three Rivers. The position of these approaches is described as a "Y" by certain witnesses. The soil or earth composing the travelled portion of Highway 72, in the vicinity of the intersection, is described as being sandy. It seems that the south prong of the Y leading toward Three Rivers was much more clearly defined by travel than was the north prong. There is some evidence that the north prong was wet or muddy. It was, however, passable.

It appears that both the driver of the truck and the driver of the bus were familiar with the particular intersection involved. Highway 281 for some distance north of the intersection curved somewhat and the grade inclined toward the south. A stop sign was located on the north side of the travelled portion of Highway 72, indicating that the intersecting Highway 281 was a through highway.

Without at present discussing questions of negligence or proximate cause, we make the following statement of the movements of vehicles involved and the actions of the drivers thereof as gathered from the undis-

puted evidence in the case and from the jury's findings based upon disputed evidence.

The Kimbriel truck consisted of a tractor and trailer about forty feet in length and with its load weighed approximately 34,000 pounds. The truck was proceeding in a southwesterly direction along Highway 72. Upon approaching the intersection with Highway 281, the truck driver did not pull up at the stop sign but proceeded onto the paved portion of Highway 281 without stopping. He took the south prong of the Y above mentioned which turned toward Three Rivers. However, he intended to go to San Antonio, and attempted to negotiate a turn in excess of 135 degrees upon Highway 281, in order to head the vehicle toward said city. This threw the tractor and trailer in a V position similar to that of the blade and handle of a partially opened jackknife, and hence described as a jackknife position by various witnesses. No part of the truck extended onto the west one-half of the concrete slab at the time of the collision, so it is apparent that had the driver of the bus, travelling in a southerly direction along Highway 281 kept to his right-hand side of the road, the bus could have passed the truck with safety and the collision would not have occurred.

However, the bus did not keep to the right, but, on the contrary, crossed the center line of the pavement to the left and thus collided with the trailer upon the east side of the eastern edge of the paved portion of Highway 281. At the time of the impact the tractor of the truck seems to have been headed in a northerly direction, while the trailer was in an east-west position. The front of the bus hit the right-hand side of the trailer, after having passed the tractor upon the bus driver's left.

As to negligence and proximate cause, the jury found that the driver of the truck was negligent in (a) failing to keep a lookout for approaching traffic, (b) in driving upon the paved portion of Highway 281, (c) in failing to stop at the stop sign, and (d) in failing to use the right or north prong of the Y leading into Highway 281 from Highway 72. Each of these acts or omissions was found to be a proximate cause of the collision. None of them was found to be the sole proximate cause thereof.

The jury found that the driver of the bus was negligent (a) in failing "to keep such a lookout at the time and place in question as a person of ordinary prudence would have kept under the same or similar circumstances," (b) in failing to have said bus under proper control, and (c) in driving the bus to the left of the center line of the highway. Each of these acts or omissions was found to be a proximate cause of the collision. None of them was found to be the sole proximate cause thereof.

"In this state it is now a settled doctrine that anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission. Seale v. [Gulf, C. & S. F.] Railway, 65 Tex. 274, 57 Am.Rep. 602; [Texas & P.] Railway [Co.] v. Bigham, 90 Tex. 223, 38 S.W. 162; [Gulf, C. & S. F.] Railway [Co.] v. Bennett, 110 Tex. [262], 270, 219 S.W. 197; [San Antonio & A. P.] Railway [Co.] v. Behne, Tex.Com.App., 231 S.W. 354. This doctrine is the result of an effort by the courts to avoid as far as possible the metaphysical and philosophical niceties in the age-old discussion of causation, and to lay down a rule of general application which will, as nearly as may be done by a general rule, apply a practical test, the test of common experience, to human conduct when determining legal rights and legal liability. Actual anticipation is of course not in any sense the test; but what one should under the circumstances reasonably anticipate as consequences of his conduct." City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 670, 27 A.L.R. 927, holdings approved by the Supreme Court.

Under the rules relating to anticipation of consequences or "foreseeability," a person is generally not required to anticipate the negligence of another (Moncada v. Snyder, Tex.Civ.App., 129 S.W. 2d 817, affirmed 137 Tex. 112, 152 S.W.2d 1077), but he is not excused from liability by reason of the fact that some other person was also negligent and such negligence contributed to the injury complained of. We think the evidence amply sustains the findings that the driver of the truck failed to keep a lookout for approaching traffic, took the left-hand prong of the Y in driv-

ing from Highway 72 onto Highway 281, and failed to stop at a stop sign. Considering the fact that entry by the south prong or arm of the Y indicated a south course towards Three Rivers, no difficult problem of foreseeability is presented. We think and so hold that the jury was justified in concluding that as a result of this action by the driver of the truck, injurious results similar to those which actually did occur could and should have been anticipated.

The manouever attempted by the driver of the heavily loaded truck was admittedly dangerous. It was unusual, in that vehicles at road intersections do not ordinarily make turns of over 135 degrees in changing directions when a turn of a much lesser angle would apparently suffice. The actions of the truck driver, as found by the jury, tended to render equivocal (at least) the matter of his intended direction or course, when viewed from the standpoint of others using the highway. The driver of the truck was charged with the duty of anticipating this consequence of his actions. The driver of the bus was killed as a result of the collision and consequently the reasons which prompted him to turn his bus to the left are matters of inference at the best. However, from the evidence, the jury could reasonably infer that there was a causal relationship between the bus driver's action in turning to the left and the truck driver's action in driving onto the highway in the manner above detailed. In Reeves v. Tittle, Tex. Civ.App., 129 S.W.2d 364, 367, writ ref., it is pointed out that there are exceptions to the general rule "that the anticipation of consequences of voluntary acts or omissions does not include negligent acts or omissions of third persons. * * * One exception is set forth in Restatement of the Law of Torts, sec. 449, p. 1202, thus: 'If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby.'" We overrule appellant's points Nos. 1, 2, 3 and 4. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982; Jones v. Gibson, Tex.Civ.App., 18 S.W.2d 744.

We next consider appellant's contention that the trial court erred in refusing to allow Kimbriel full indemnity over and against Amberson. Appellant asserts that the common law rule allowing full indemnity, as distinguished from the statutory rule allowing contribution (Article 2212), is applicable to the fact situation presented by the record. Except for this particular contention, neither Kimbriel nor Amberson complain of that part of the judgment providing for contribution between them as tort-feasors under Article 2212.

In the recent case of Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 451, 140 A.L.R. 1301, the Supreme Court discussed certain fact situations which resulted in a recovery of full indemnity by one tortfeasor over and against another under the common law. It was stated that "while the law does not seem to take note of the quantity of the negligence of the different joint tort-feasors as a reason for authorizing the one least negligent to have contribution from the other, the authorities do recognize a distinction in the quality of the negligence." The following is quoted from 18 C.J.S., Contribution, § 11, p. 16: "It has been held that the rule (of common law denying contribution among joint tort feasors) does not apply where the joint tort-feasors are not in pari delicto as to each other, as where there was no concerted action, or where the injury has resulted from a violation of the duty which one owes the other, or where the liability of the joint tort-feasor, who has been compelled to pay arises merely from negative acts of omission on his part and the proximate cause of the injury consists in active, positive acts on the part of the other joint tort-feasors."

It seems apparent that when effect is given to the jury's verdict in this case, it can not be said that there was a difference in quality between the negligence of the driver of the Kimbriel truck on one hand and the driver of the Amberson bus upon the other hand. The jury found that both drivers committed acts which were affirmatively negligent in nature and that the acts of each constituted proximate causes of the injuries sustained by the Mayos. We hold that the evidence supports the jury's findings and accordingly overrule appellant's fifth point of error.

The trial court refused to submit to the jury appellant's Special Requested Issue No. 3, consisting of five interrogatories following the generally accepted form of a special issue submission of the doctrine

of discovered peril. Appellant contends that the evidence was sufficient to support jury findings that (a) Kimbriel's truck was in a perilous position shortly before the collision occurred, (b) that the bus driver realized such perilous position, (c) and after so realizing same he could have averted the collision by the exercise of ordinary care with the use of the means at his hand and command for turning to the right, consistent with the safety of himself and the passengers of the bus, (d) that the failure of the bus driver to pull to the right was negligence, (e) which was a proximate cause of the collision.

Appellant further contends that, based upon findings as above indicated, judgment in favor of Mayo against Amberson alone should be rendered, or, in the alternative, judgment rendered for Mayo against both Amberson and Kimbriel with recovery over for full indemnity by Kimbriel against Amberson.

We need not discuss the question of whether or not the evidence supports appellant's theory. Appellant's argument involves an extension of the principles of the doctrine of discovered peril as a test of liability between defendant tort-feasors.

■ The application of the doctrine of discovered peril is now largely a matter of precedent in this State. No Texas case is cited wherein the principles of the doctrine have been recognized as a test of liability as between two defendants both of whom are negligent. It seems that liability as between alleged tort-feasors for injuries sustained by a nonnegligent plaintiff is determined by the issues of "proximate cause" or "sole proximate cause," which in this case were submitted by the trial court to the jury. It is stated categorically in American Jurisprudence, that, "Of course, the doctrine (of discovered peril) can not be invoked as between defendants concurrently negligent." 38 Am. Jur. 912. See also Shield v. F. Johnson & Son Co., 132 La. 773, 61 So. 787, 47 L.R.A.,N.S., 1080.

■ Appellant's contention that even though Mayo be entitled to judgment against Kimbriel and Amberson, jointly and severally, Kimbriel would be entitled to judgment over and against Amberson for full indemnity under its asserted "discovered peril theory" is predicated upon the theory that one, who after having discovered another in a perilous position and having failed to use the means at his disposal to prevent injury, is guilty of negligence of a quality different from and more aggravated in degree than the negligence of one who merely failed to use such care as would have been exercised by a person of ordinary prudence under the same or similar circumstances. In Sugarland Industries v. Daily, 135 Tex. 532, 143 S.W.2d 931, 933, the Supreme Court, in speaking of Wilson v. Southern Traction Co., 111 Tex. 361, 234 S.W. 663, said:

"This is the expression of the court's opinion that such conduct, the failure to use ordinary care after the discovery and realization of the other's peril, is in fact conduct of the same quality or character as that of one who is recklessly indifferent to destroying human life or causing human suffering."

The above quotation has reference to a statement of the rationale of the Texas doctrine of discovered peril. However, the language employed in submitting the doctrine to the jury does not demand that one held liable thereunder be guilty of a reckless or wanton act. For a discussion of willful, wanton or reckless conduct, see Wright v. Carey, Tex.Civ.App., 169 S.W. 2d 749. There seems to be no evidence here which would support a finding that the driver of the bus involved was guilty of wanton negligence, even though the evidence be accepted as sufficient to support findings that the bus driver did discover the perilous position of the truck in time to avoid the collision and failed to exercise ordinary care to do so by use of the means at his command. If the distinction between wanton negligence and ordinary negligence be accepted as a basis of determining the award of a recovery over by one tortfeasor against another, it would seem that the issue of wanton negligence should be submitted to the jury with appropriate instructions. A submission of issues in accordance with the doctrine of discovered peril (by substituting a defendant tort-feasor in lieu of a plaintiff) is wholly inappropriate for this purpose.

"The doctrine of the last clear chance (or 'discovered peril' in this State) is one involving nice distinctions, often of a technical nature, and courts should be wary in extending its application." Hutcheson v. Misenheimer, 169 Va. 511, 194 S.E. 665, 667.

We decline to extend the doctrine into the field of tort-feasors, either as a test of whether or not one of them only is liable to the plaintiff, or as a test to determine whether or not one of them is entitled to a judgment of full indemnity over against the other. Appellant's sixth point is overruled.

The judgment of the trial court is affirmed.