**AIRLINE MOTOR COACHES, Inc., v.**
**McCORMICK et al.**

No. 4276.

Court of Civil Appeals of Texas.

Feb. 8, 1945.

Rehearing Denied March 7, 1945.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and Lamar Cecil, of Beaumont, for appellant.

George P. Kirkpatrick, of Beaumont, and Allen, Helm & Jacons, of Houston, for appellee.

MURRAY, Justice.

Selma McCormick was a passenger on a bus of Airline Motor Coaches, Inc., en route from Jasper to Beaumont, Texas, on October 19, 1943. The bus was driven through the guard railing of the bridge which crosses the Neches river between Evadale and Silsbee, the bus going off the bridge and falling to the ground below, a distance of some 18 or 20 feet. Selma McCormick received serious bodily injuries in the accident and suit for damages was brought against the bus company by her father, Clyde McCormick, in his own behalf and as next friend for his daughter, alleging negligence of the driver of the bus. The bus company's principal defense was that the accident was caused by a latent defect in a spring on the bus, which spring broke and locked the front wheels of the bus so that the driver could not control it, with the result that the bus went off the bridge in spite of everything the driver could do.

Upon a trial to a jury, the court rendered judgment upon the jury's verdict in favor of Selma McCormick for $15,000 and in favor of her father, Clyde McCormick, for $2,201.50. After its motion

for new trial was overruled, the bus company perfected its appeal.

Selma McCormick was seriously and permanently injured in the wreck. No complaint on appeal is made concerning the size of the award. Without discussing the injuries in detail, it is sufficient to say that the evidence amply supports the amount of the award. In answer to special issues submitted by the court in its charge, the jury by its verdict found that the driver of the bus failed to keep a proper lookout as the bus approached the place where it ran off the bridge, that such failure was negligence and was a proximate cause of the injuries to Selma McCormick; that the operator of the bus failed to keep it under proper control as it approached the place where it ran off the bridge, that such failure was negligence and a proximate cause of the injuries to Selma McCormick; that the driver of the bus failed to turn his vehicle to the right along the curve of the bridge, that such failure was negligence and was a proximate cause of the injuries to Selma McCormick; that the injuries received were not the result of an unavoidable accident. The findings of the jury in its verdict have sufficient support in the evidence.

By its first point, appellant attacks that portion of the charge of the court which defined the term "new and independent cause" as follows: "By the term 'new and independent cause,' as that term is used in the above definition of 'proximate cause,' is meant an agency which breaks the sequence between the original act and the event complained of, which of itself is sufficient to and does produce the event or some like event, and be such agency that without which the event in question would not have occurred. This agency must not be set in motion by the party who initiated the original act, and which agency and its consequences a person of ordinary prudence under the same or similar circumstances would not have reasonably anticipated and foreseen."

Appellant's objection to this portion of the charge was that "it omits the element of concurring cause, in that a force can be a new and independent cause even though in itself it does not produce the event but only concurs with some other act or omission and the two together caused the event when without the concurring cause there would have been no event, the effect of the court's definition being to make it impossible for the jury to answer the issue new and independent cause in favor of the defendant, since without at least a concurrence of some other cause, even though prior or remote in law, the injuries would not have been sustained."

Appellant maintains in its brief that under the above definition of new and independent cause it was impossible for the jury to find the issue of new and independent cause in favor of the defendant. It maintains there was ample evidence in the record to support findings that the spring broke, caused the accident, and that this was a new and independent cause of the accident; that the mere breaking of the spring would not have injured the passenger without the concurrence of other causes even though they might be prior or remote causes in law. It maintains that in Young v. Massey, et al., 128 Tex. 638, 101 S.W.2d 809, the Supreme Court, in passing on a definition of new and independent cause, did not require the independent agency to be sufficient of itself to produce the plaintiff's injury, but merely provides that it be the immediate cause of the injury. It also quotes from the case of J. S. Abercrombie Co. v. Delcomyn, 134 Tex. 490, 135 S.W.2d 978. Upon a reading of the opinion in the Young case [128 Tex. 638, 101 S.W.2d 810], we find that the exact language used was: "* * * and thereby becomes, in itself, the immediate cause of such injury." In the Abercrombie case the court did not pass on the question of whether a similar definition of new and intervening cause was correct, and so stated in its opinion, as the question was not presented for decision.

We are unable to agree with the appellant's contention, as we believe the definition as contained in the charge of the court was correct. It is substantially the same wording as that approved in Seale v. Gulf C. & S. F. R. Co., 65 Tex. 274, 57 Am.Rep. 602, and in Burlington-Rock Island R. Co. v. Davis (by this court), Tex.Civ.App., 123 S.W.2d 1002.

In its only other points presented on appeal by its second, third, fourth and fifth points, the appellant complains of the action of the trial court in refusing to it a new trial because of argument by counsel for appellees to the jury.

■ In his argument in regard to the issue of unavoidable accident, counsel stated to the jury that "opposing counsel would argue that this was one of those unfortunate things, that they regretted it exceedingly; that they would want to wash their hands of the whole matter." Objection was made and by the court sustained, and on motion of counsel for appellant the court instructed the jury not to consider the statement in any manner. Under the authority of Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054, we believe this point presents no error and that whatever harm was present in the argument was cured by the instruction of the court.

■ In its third point, appellant complains of the failure of the trial court to grant it a new trial because of that portion of the argument of appellees' counsel in which he stated that "the issues fall in groups, that those numbered from one through eighteen submit questions of whether or not the Airline Motor Coaches gave this child the kind of protection that she was entitled to on that fateful morning of October 17th of last year." No objection was made at the time to this argument but it was raised for the first time in the motion for a new trial. We believe that this type of argument, if objected to, was the type which can be cured by instruction from the court and that failure to object in time to give the court a chance to give suitable instruction, or counsel an opportunity to explain or withdraw his argument, amounted to a waiver of objection. We overrule appellant's contention.

■ By its fourth point, appellant contends that one of counsel for appellees was guilty of continued and persistent appeals to the sympathies and prejudices of the jury. The appellant points out some twelve different quotations from the argument of counsel in support of this point. All of these portions of the argument refer to the fact that the girl was injured, with her body broken and crippled, that she was helpless, and various other comments of that kind. In none of his remarks complained of did counsel make mention of facts not in the testimony and we consider them to be merely vigorous comments upon very serious injuries and an urgent appeal to the jurors to award a large sum of money as damages therefor. In view of the amount of damages found by the jury, which was by no means excessive in the light of the testimony, we do not believe that any of such argument resulted in any harm to the appellant. Wooten v. Chaney, Tex.Civ.App., 105 S.W.2d 510; Moncada v. Snyder, 137 Tex. 112, 152 S.W.2d 1077. We overrule this contention of the appellant.

■ Objections similar to those in points two, three and four are brought forward in appellant's fifth point, complaining of reference by counsel in argument to the fact that the injured girl lived in a river houseboat, and contending that this was a reference to the poverty in which the girl lived. We do not agree with this contention of the appellant. Counsel for the appellees in commenting on the testimony of one of the doctors who testified stated that "he had the courage to help a little girl who was raised on the banks of the Neches river and who lived on a houseboat on that river. And they want to take her away from it." Later, in commenting on the responsibility of jury service, counsel said that jury service was next in importance only to bearing of arms in war time; that "we are fighting this war to preserve * * * which is the right of a girl on a river living in a houseboat to come in before citizens of a community to decide her rights." Another portion of the argument referred to "that crippled girl lying in that bed of filth." None of these references to the houseboat was outside the record of the testimony and none could be deemed an improper reference to comparative wealth of one party as against poverty of the other. There is nothing in the size of the award in this case which leads us to believe that the jury was prompted in any of its answers to the issues submitted by considerations of sympathy and prejudice. No objection was made to the arguments quoted at the time they were made. While we do not believe they were improper under the testimony of this case, any harmful effect could have been eliminated by instruction from the court. Under the authorities quoted above, we believe any objection was waived to this argument and the appellant's contentions in this record are overruled.

The judgment of the district court is affirmed.