**AIRLINE MOTOR COACHES, Inc., v. CURRY et al.**

**No. 4308.**

Court of Civil Appeals of Texas.

Nov. 8, 1945.

Rehearing Denied Dec. 5, 1945.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and A. J. Thompson, of Nacogdoches, for appellant.

Musslewhite & Fenley, of Lufkin, Fulmer & Fairchilds, of Nacogdoches, and John T. Lindsey, of Port Arthur, for appellees.

MURRAY, Justice.

Mrs. Nancy Curry was riding as a passenger on a bus operated by Airline Motor Coaches, Inc., from Jasper to Beaumont,

Texas, at the time of the accident on the Neches River bridge on highway between Evadale and Silsbee, in which accident the bus went through the guard railing of the bridge and fell to the ground some 10 or 12 feet below. Mrs. Curry suffered injuries as the result of the accident from which she later died. J. W. Curry, the surviving husband, joined by her surviving children and one grandchild, brought suit against the bus company in the district court of Nacogdoches County. The children and grandchild sought recovery as heirs at law of the deceased for conscious pain and suffering endured by Mrs. Curry between the time of the accident and her death. J. W. Curry sought recovery under the death statute for the loss of the services of his deceased wife and also for his community interest in the damages alleged for conscious pain and suffering endured by the deceased between the time of the accident and her death. They alleged various acts of negligence on the part of the operator of the bus as being proximate causes of the accident and Mrs. Curry's injuries. Among other defenses, the bus company alleged that the accident in question was caused by a latent defect in the spring on the bus which broke and locked the front wheels of the bus so that the driver could not control it. The bus company also pleaded unavoidable accident, and alleged that the collision was the result of an unavoidable accident or a latent defect in a spring on the bus, or both. The case was submitted to a jury upon special issues and upon the jury's verdict judgment was rendered in favor of J. W. Curry for $3,284 for the loss of services of his wife and for the expenses of her treatment and hospitalization, and judgment was further rendered in favor of J. W. Curry and the children and grandchild of the deceased for $3,000 for conscious pain and suffering endured by the deceased. Airline Motor Coaches, Inc., has duly perfected its appeal to this court.

This case arose out of the same accident as that involved in the case previously decided by this court, styled Airline Motor Coaches, Inc. v. McCormick et al., 186 S.W. 2d 689.

The appellant brings forward eight points upon which it relies for reversal. We discuss the eighth point first, believing that it must be sustained. The first seven points of the appellant will be discussed briefly for the reason that we believe all the first seven points present no error.

By its eighth point, appellant complains of the action of the trial court in refusing to grant its motion for a mistrial, which was based on the ground that one of the attorneys for the appellees on the trial of the case in his argument to the jury told the jury the legal effect of their answer to the unavoidable accident issue, stating that if the accident was unavoidable the bus company would be relieved of all liability. On the trial, one of the attorneys for the appellees, in discussing the testimony of one of the witnesses introduced by the bus company, stated to the jury: "She comes now and testifies to a state of facts to lead you to find that this accident was unavoidable and relieve the bus company of all liability * * *." The appellant excepted to the remarks and moved the court to declare a mistrial. The court instructed the jury not to consider the remarks for any purpose whatsoever but overruled the motion for a mistrial. The appellees maintain in answer to this point that it presents no error because one of the attorneys for the bus company in his argument had previously informed the jury of the effect of their answer to the issue on unavoidable accident. Appellant's counsel in his argument in discussing the issue on unavoidable accident had said to the jury that if they found it was an unavoidable accident and had answered that question no, that they had automatically answered practically every other question in the case; that they had answered thereby every question in the charge ahead of it on negligence and proximate cause; that they would thereby have automatically answered practically all of the other questions "no." Under the authority of Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160, we do not believe that urging a jury to answer a certain issue yes and others no amounts to informing the jury of the effect of those answers. Counsel for appellant, in his argument, did inform the jury an answer of "no" to the unavoidable accident issue would amount to an answer of "no" to other issues, but he did not inform the jury of the legal effect upon the judgment in the case, or the liability or non-liability of the appellant in any of his remarks. We believe, therefore, that such argument by appellant's counsel did not have the effect ascribed to it by appellees. It seems well settled by the Supreme Court that argument of counsel which informs the jury of the effect of their answers to special issues is improper and that the harm-

ful effect can not be obviated by an instruction not to consider. Appellees concede that such argument by his counsel was reversible error, unless the argument of appellant's attorney had previously informed the jury of the effect of its answer to the issue on unavoidable accident. It did not do so and appellant's eighth point must be sustained.

In its first point, appellant attacks the definition of "new and independent cause" given by the trial court. This definition was approved in a similar case involving the same accident in Airline Motor Coaches, Inc. v. Selma McCormick et al., 186 S.W.2d 689, and for the reasons therein given we overrule appellant's first point.

In its second, third, fourth and fifth points, appellant complains of the trial court's action in permitting the appellee, J. W. Curry, to testify over objection as to seeing his deceased wife in a hospital, that she complained to him about pain in her arm, and other such facts involving what he saw and heard at his wife's bedside before her death. Objection was made that such matters constituted transactions with the deceased and that J. W. Curry was prohibited from testifying about such transactions under the statute, Vernon's Ann. Civ.St. art. 3716. Mr. Curry was not suing as an heir of his deceased wife and on the authority of Humble Oil & Refining Co. v. Ooley, Tex.Civ.App., 46 S.W.2d 1038, and Teague v. Fairchild, Tex.Com.App., 15 S. W.2d 585, the objection to his testimony was not well taken and the court was not in error in permitting him to testify.

In its sixth point, appellant complains of the action of the trial court in permitting one of the attorneys for the appellees to make certain argument based on the testimony as to the life expectancy of J. W. Curry. Counsel stated to the jury that Mr. Curry had a life expectancy of 9¾ years, based on the testimony of an expert that a man in good health, of the age of Mr. Curry, according to the table of mortality used by the insurance experts, had a life expectancy of 9¾ years. Objection was made that the witness had not testified that Mr. Curry had such a life expectancy and hence counsel was deviating from the testimony in his argument. The contention of the appellant is overruled. We believe counsel's arguments were deductions and conclusions which could reasonably be made from the testimony in the record.

By its seventh point, appellant assails the verdict of $3,000 in favor of J. W. Curry for the loss of services of his wife as excessive. Under the authority of Dixon v. Samartino, Tex.Civ.App., 163 S.W.2d 739; Greathouse v. Railway Co., Tex.Com. App., 65 S.W.2d 762; Finck Cigar Co. v. Campbell, Tex.Civ.App., 114 S.W.2d 348; Id., 134 Tex. 250, 133 S.W.2d 759, appellant's contention in this regard is overruled.

Because of the argument of counsel for appellees upon the issue of unavoidable accident, as stated above, the case will be reversed and remanded for a new trial.

Reversed and remanded.