## AIRLINE MOTOR COACHES, Inc., v. OWENS.

### No. 4416.

Court of Civil Appeals of Texas. Beaumont.

Jan. 23, 1947.

Rehearing Denied Feb. 12, 1947.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and Marcus, Carrington & Weller, of Beaumont, for appellant.

Lamar Hart, of Beaumont, for appellee.

COE, Chief Justice.

This suit was instituted by appellee, Roosevelt Owens, in the district court of Jefferson county against appellant, Airline

Motor Coaches, Inc., seeking to recover damages against appellant for alleged personal injuries received while traveling as a passenger on one of its buses, alleging that on April 14, 1945, he was a paying passenger on the bus of the appellant, bound from Orange, Texas, to Kirbyville, and while on said trip through the negligence of the driver of the bus, the bus was caused to overturn on the highway with resulting serious injuries to the appellee. In addition to a general denial, the appellant averred that the cause of the accident in question was a latent defect in the main master cylinder rod in that a pin in the rod unexpectedly came out, with the result that the driver had no control over the bus. In this connection it was alleged that the happening resulted through no negligence of the appellant. The case was tried to a jury and upon the jury's verdict judgment was rendered in favor of the appellee against the appellant for the sum of $10,350, and costs. Appellant's amended motion for a new trial having been by the trial court overruled, an appeal was perfected to this court.

Appellant advances 8 points in its brief and contends that each of such points requires a reversal of the judgment of the trial court.

The first two of such points complain of the argument of counsel in presenting this cause to the jury. The argument complained of in point No. 1 is set out in the bill of exceptions as follows:

"By Mr. Adams: I think that negro is seriously hurt, and I don't have any interest in this lawsuit—not a nickel's worth. I represent Alvoid Simmons. This is Lamar Hart's case.

"Mr. Martin: If the Court please, counsel is making a prejudicial argument, when he has been employed to argue to the jury.

"Mr. Adams: I have not been employed.

"The Court: Your time is up, Mr. Adams.

"Mr. Adams: I think this man is in a serious condition, and he ought to be fully compensated for it."

It is difficult for this court to determine just which part of the argument made by Mr. Adams that Mr. Martin thought was prejudicial argument. The best we can

determine his remark was addressed to that portion of Mr. Adams' argument wherein he stated, "I don't have any interest in this lawsuit—not a nickel's worth. I represent Alvoid Simmons. This is Lamar Hart's case." Appellee contends that the statement made by Mr. Martin does not constitute a legal objection to the argument made. Since it is primarily the duty of the trial court to prevent improper argument it is of no importance as to how the court's attention is called to such fact. The statement made by the attorney was sufficient to call the court's attention to the argument then being made by Mr. Adams. While the statement made by Mr. Adams to the effect that he had no interest, etc. was outside the record, we do not feel that it was of such serious nature as to require a reversal of this cause. If it can be said that the statement made by Mr. Martin was a complaint as to all the argument set out above, we feel that no reversible error is shown for the reason that there was ample testimony in the record supporting the contention that appellee was seriously and permanently injured and the statement by the attorney to the effect that he believed the negro was seriously injured meant no more than if he had said that he believed the testimony which went to show that appellee was seriously injured was true. Mr. Adams did not undertake to inform the jury that he had any knowledge outside the record as to the condition of appellee.

By appellant's 2nd point, it complains of certain arguments made by attorney Hart. The argument made, together with the exceptions and the ruling of the court as reflected by the bill of exceptions, is as follows:

"So, gentlemen of the jury, after that bus driver testified, and after he told off on them, I just think that you won't have any trouble at all, because the preponderance of the evidence—not only ours but part of theirs—verified us. Before he testified here was a picture of death; before he testified, the thing was a death trap; according to the preponderance of the evidence, here was a death trap, before the bus driver testified. But after the bus driver testified, after he testified, there is no doubt about

that being a death trap. And worse than that! It's bad enough to have a death trap on a straight highway without any turns, but here is a combination of a death trap being operated in a death curve. That thing, gentlemen of the jury, was properly called 'Death Curve' or 'Dead Man's Curve;' and a death trap going through a death curve is some combination. And gentlemen of the jury they are guilty of about 10 things that were negligence, and which negligence were all proximate causes.

"Mr. Martin: We want to object to all this harranguing about 'Death trap' as being highly inflammatory, and ask the court to instruct the jury not to consider a word of it.

"The Court: Gentlemen, that is not evidence before you and I do charge you not to consider that or let it influence you in any manner in your deliberations.

"Mr. Hart: Judge, let me object to that. Gentlemen of the jury, I have recited all of those things; all those things I recited about the fluid leaking in the bus, and I recited about—

"The Court: The Court has already ruled on that part. You had better go ahead with your argument.

"Mr. Hart: Yes, sir. All right, Judge. (And later) So gentlemen, from their own witnesses, you are amply warranted in answering that, that it was going at a greater rate of speed than was reasonable under the circumstances there in that death trap."

It will be noted that the trial court sustained the objection to the first part of the argument and instructed the jury not to let it influence them in any manner, while the last paragraph of Mr. Hart's argument, quoted above, which was made later on was not objected to. We can not agree with appellant that this point presents reversible error. In the first place, we are of the opinion that the evidence justified the argument made. The evidence reflects that the accident occurred at a point where the highway crossed the railroad by making two 90 degree curves. Because of the sharp curves, this crossing had acquired the name of "death curve" and "dead man's curve." While the bus in question was a very old bus, the brake system on it was constantly

causing trouble by leaking out the fluid, making it necessary for the driver to carry extra fluid along in order to keep his brake system working, and on some occasions he had had to stop his bus and make long distance calls in order to get fluid for the brake system. He testified that the accident involved in this suit was caused by the failure of the brakes to operate. Under this record, we feel that the attorney was justified in referring to the bus in question as a death trap and to that portion of the highway where the bus overturned as "death curve." However, should we be in error in holding that the argument was justified, the instructions of the trial court was sufficient to cure the error of the first part of the argument made and such an instruction would have been sufficient to cure the harmful effects of the last argument made had appellant made objection thereto. Not having done so, the matter does not present reversible error. Airline Motor Coaches, Inc. v. McCormick et al., Tex. Civ.App., 186 S.W.2d 689; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Wooten v. Chaney, Tex.Civ.App., 105 S. W.2d 510; Moncada v. Snyder, 137 Tex. 112, 152 S.W.2d 1077; Baker Hotel of Dallas, Inc. v. Rogers, Tex.Civ.App., 157 S.W.2d 940; Imperial Underwriters v. Dillard, Tex.Civ.App., 146 S.W.2d 1105.

■ By points 3, 4 and 5, appellant complains of the action of the trial court in refusing to submit to the jury its requested special issues C, D and E, inquiring of the jury as to whether the pin in the main master cylinder rod came out on the occasion in question, and if so whether it was the sole proximate cause of the bus turning over, and whether the coming out of the pin in the main master cylinder rod was not due to negligence on the part of the employees of the appellant. The court submitted to the jury special issue No. 36, as follows: "Do you find from a preponderance of the evidence that on the occasion in question the pin in the main master cylinder rod came out?" and special issue No. 37 as submitted to the jury was as follows: "Do you find from a preponderance of the evidence that the coming out of the pin in the main master cylinder rod, if you have so found, was not the sole

cause of the bus turning over?" Appellant contends that the giving of special issue No. 37, inquiring as to whether the coming out of the pin in the main master cylinder rod was not the sole cause of the bus turning over, was not sufficient to justify the court in refusing to give appellant's requested issue No. D, inquiring of the jury as to whether the coming out of the pin in the main master cylinder rod was the sole proximate cause of the bus turning over. Appellant advances the argument that the jury could not find a sole cause issue in favor of appellant since, had the appellee failed to be on the bus on the occasion in question or had the bus failed to make the trip on the occasion in question, there would have been no accident; that on the issue of sole cause the jury necessarily takes into consideration the prior and remote causes which under the law should not be considered. With this contention we find ourselves unable to agree. The argument that had the appellee failed to be on the bus and had the bus failed to make the trip there could have been no accident is entirely too strained and farfetched to require a reversal of this cause. There is nothing to suggest that the appellee being on the bus was a cause or contributing cause of the bus turning over, and it could not reasonably be contended that the fact that the bus made the trip was any cause for it turning over on the occasion in question. As we view the record, there is nothing to be found therein to suggest that anything other than the negligence of the appellant caused the bus to turn over unless as contended by appellant the coming out of the rod without any negligence on the part of appellant was the sole proximate cause. It might be that under certain facts that it would be improper for the court to submit an issue as to sole cause in preference to an issue of sole proximate cause but as we view the evidence here presented the terms are synonymous as applied to it.

▪ In addition to the issue submitted to the court, above referred to, the court submitted an issue to the jury inquiring as to whether the injuries, if any, in question were not the result of an unavoidable accident. The only evidence in the record to justify the giving of the issue on unavoidable accident is the evidence relating to the loss of the pin from the main master cylinder, which was to the effect that the bus was being operated on the highway at a speed of approximately 40 miles per hour and that as he approached the railroad crossing herein above referred to, the driver of the bus tested his brakes as usual and found that they would not function; that he had used the brakes for the purpose of stopping his bus some two or three times between Orange and where the accident occurred and that on each occasion the brakes functioned properly; that because of the condition of the brakes he was unable to slow his bus down to a speed so that he could negotiate the sharp curve above referred to and as a result the bus left the road and turned over in a bar pit of water and mud; that after the accident, upon making an examination of the brake system, it was found that the pin from the main master cylinder rod was missing, without which the brakes would not function. A search was made but the pin was never found. It will be seen that the identical evidence relied on to support a finding that the accident was unavoidable is also relied on to support the issue that the coming out of the pin was the sole, or sole proximate cause of the accident. The record further reflects that the appellant made no objection to the issue on sole cause that was given by the court and relies on the failure of the trial court to submit the issue as requested by it as presenting reversible error. We are of the opinion that the trial court having submitted issues on unavoidable accident and sole cause as above set out, without any objection on the part of appellant, it fairly and adequately presented appellant's defenses as raised by the evidence. Under no theory would the appellant have been entitled to both the issue of sole cause as submitted to the jury and an issue of sole proximate cause as requested by it. Not having objected to the court giving the former, it is in no position to complain of the action of the trial court in refusing to give the latter.

 By appellant's 6th point it complains of the definition of the term "new and independent cause" as used by the court

in his charge in connection with his definition of proximate cause, the objection being that such definition omits the element of concurring cause. The definition of "new and independent cause" as given by the court in his charge is as follows: "By the term 'new and independent cause' as used in the above definition of 'proximate cause' is meant an agency which breaks the sequence between the original act and the event complained of, which of itself is sufficient to and does produce the event or some like event, and be such agency that without which the event in question would not have occurred. This agency must not be set in motion by the party who initiated the original act, and which agency and its consequences a person of ordinary prudence under the same or similar circumstances would not have reasonably anticipated and foreseen." This identical point, supported by substantially the same argument, was presented to this court in the case of Airline Motor Coaches, Inc., v. McCormick et al., Tex.Civ.App., 186 S.W.2d 689 and was there overruled. On the authority of that case, and the cases therein cited, this point is overruled.

 By point 7, appellant complains of the refusal of the trial court to grant it a new trial, contending that there was no evidence in the record to support the answer of the jury of $10,350 to special issue No. 34, thereby finding that it would take said amount to compensate Roosevelt Owens for his injuries. By point No. 8, appellant contends that its motion for a new trial should have been granted on the ground that the jury's answer of $10,350 as the amount of damages sustained by appellee on account of his injuries is so grossly excessive as to shock the conscience and indicates the jury was actuated by some improper motive in arriving at said answer. These points are overruled. There is sufficient evidence in the record to justify the jury in believing that the appellee, who was 40 years of age at the time of the accident, was an ablebodied man, capable of doing and was doing hard labor and was earning $50 per week; that as a result of the injuries complained of he is now totally and permanently disabled to perform hard labor, that he has suffered and is still suffering severe pain therefrom. While the evidence as to the extent and effect of the injuries received by appellee is conflicting we can not say, as a matter of law, that there is no evidence to support the jury's finding on the amount of damages, or that the amount found by the jury is excessive.

From what we have said, it follows that we find no reversible error in the record. Therefore the judgment of the trial court is affirmed.